THE STATE, EX REL. BOARD OF EDUCATION OF DAYTON ET AL., *v.* STATE DEPARTMENT OF EDUCATION ET AL.

[Cite as State, ex rel. Bd. of Edn., v. State Dept. of Edn. (1981), 67 Ohio St. 2d 126.]

(No. 80-1598—Decided July 8, 1981.)

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. John P. McHugh* and *Mr. William L. Havemann,* for relators.

*Mr. William J. Brown,* attorney general, for respondents: *Mr. Gary E. Brown,* for Department of Education and Superintendent of Public Instruction; *Mr. Joel S. Taylor* and *Mr. James B. Recchie,* for Controlling Board et al.; *Ms. Kathleen McManus* and *Mr. Robert P. Sherman,* for Auditor of State; *Mr. David H. Beaver,* for Director of Budget & Management and Department of Administrative Services; *Mr. Ronald H. Snyder,* for Treasurer of State.

*Per Curiam.* Two questions are presented by this case. First, whether relators are entitled to a writ of mandamus compelling SDE to submit its bus subsidy request to the Controlling Board; and, second, whether a writ should issue requiring the Controlling Board to reimburse relators for the purchase of school buses.

Entitlement to a writ of mandamus requires relators show "(1) that they have a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relators have no plain and adequate remedy in the ordinary course of law.***" *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81, 84.

Relators contend that SDE and the Controlling Board are under a clear legal duty to approve bus subsidy requests, absent discretion, upon standards adopted by SDE and approved by the board pursuant to R. C. 3317.07. We disagree.

R. C. 3317.07 provides in part:

"The state board of education shall establish regulations for the purpose of distributing any state subsidies for the purchase of school buses. Such regulations are subject to the approval of the controlling board and shall establish the following:***."

Regulations were promulgated by SDE and approved by the board, effective September 23, 1974. The procedure to be followed by school districts when applying for bus subsidies is contained in regulation EDb-913-05, which, in pertinent part, provides:

"D. After review and approval the Department of Education will submit request to the Controlling Board for approval."

It is apparent, however, that the power to approve generally includes as well the power to disapprove. The State Board of Education is charged with the statutory duty of administering the school foundation program. R. C. 3317.01. It is well established that mandamus will not lie to substitute the discretion of a judicial tribunal for that of an administrative official, unless it is clearly shown that the refusal to perform the act constitutes an abuse of discretion. *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581; *State, ex rel. Christman,* v. *Skinner* (1933), 127 Ohio St. 55.

In *State, ex rel. Christman,* v. *Skinner, supra,* this court stated, at page 57:

"To assume jurisdiction under the circumstances of the instant case it would be necessary for this court to undertake a determination of the various needs of each one of the*** school districts, and to then make a division of available funds. To attempt such a course of action would require nothing less than that this court should serve as director of education—manifestly an impossibility."

We hold that relators have failed to demonstrate a clear legal duty for SDE to submit their application to the Controlling Board. Accordingly, we need not address the issue of the Controlling Board's duty to reimburse relators for the purchase of school buses.

For the foregoing reasons, relators' request for the issuance of a writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.