THE STATE, EX REL. EXECUTONE OF NORTHWEST OHIO, INC., APPELLANT, *v.*
COMMISSIONERS OF LUCAS COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Executone of Northwest Ohio, Inc., *v.*
Commrs. of Lucas Cty. (1984), 12 Ohio St. 3d 60.]

(No. 82-1704—Decided July 3, 1984.)

*Mr. Walter E. Apple,* for appellant.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Nick Batt,* for appellees.

*Per Curiam.* R.C. 307.90 provides, with respect to boards of county commissioners, in pertinent part:

"The award of all contracts subject to sections 307.86 to 307.92 of the Revised Code shall be made to the lowest and best bidder. * * * The contracting authority may reject all bids."

In construing the language "lowest and best bidder," the Court of Appeals for Clark County reasoned in *Altschul* v. *Springfield* (1933), 48 Ohio App. 356, 362 [1 O.O. 522], as follows:

"The statutes of this state as to most public work provided some years ago for the acceptance of only the lowest bid. That was subsequently amended so as to read 'lowest and best bid'. This amendment clearly indicates that the Legislature recognized that an element other than the mere low dollar bid often enters into the letting of a contract. Hence the amendment providing that the contract should be let to the lowest and best bidder followed.

"This amendment, therefore, places in the hands of the * * * [public] authorities the discretion of determining who under all the circumstances is the *lowest and best* bidder for the work in question.

"This discretion is not vested in the courts and the courts cannot interfere in the exercise of this discretion unless it clearly appears that the * * * [public] authorities in whom such discretion has been vested are abusing the discretion so vested in them." (Emphasis *sic.*)

See, also, *Dayton, ex rel. Scandrick,* v. *McGee* (1981), 67 Ohio St. 2d 356, 358 [21 O.O.3d 225]; *Boger Contracting Corp.* v. *Board* (1978), 60 Ohio App. 2d 195, 199 [14 O.O.3d 176]; *State, ex rel. Walton,* v. *Hermann* (1900), 63 Ohio St. 440.

Moreover, the aforementioned statement by the court in *Altschul, supra,* constitutes an application of the well-established principle that "* * * mandamus will not lie to substitute the discretion of a judicial tribunal for that of an administrative official, unless it is clearly shown that the refusal to perform the act constitutes an abuse of discretion." *State, ex rel. Bd. of Edn.,* v. *State Dept. of Edn.* (1981), 67 Ohio St. 2d 126, 128 [21 O.O.3d 79], citing *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581 [50 O.O. 465], and *State, ex rel. Christman,* v. *Skinner* (1933), 127 Ohio St. 55.

Regarding the term "abuse of discretion" by a public authority in the letting of a contract subsequent to the taking of bids, this court has recognized that such an abuse includes the utilization of unannounced criteria in selecting a bidder, *Dayton, ex rel. Scandrick,* v. *McGee, supra,* as well as fraudulent conduct or bad faith, *State, ex rel. Shafer,* v. *Ohio Turnpike Comm., supra.*

Appellant's complaint does not allege, nor does appellant argue herein,

the utilization of unannounced criteria by the board of county commissioners. Nor does the complaint allege bad faith, fraudulent conduct or any other allegation which could be construed to constitute an abuse of discretion. Instead, the complaint simply alleges that appellant submitted the "lowest and best bid." Since under R.C. 307.90 the determination of which bid constituted the "lowest and best bid" involved the exercise of a certain degree of discretion by appellees, appellant's complaint merely asked the court of appeals to substitute its discretion for that which was exercised by appellees. Under such circumstances, mandamus will not lie, and the court of appeals correctly dismissed the complaint. Cf. *State, ex rel. Britton,* v. *Scott* (1983), 6 Ohio St. 3d 268.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.