OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Yitzchak E. Gold, Assistant Court Reporter. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Hanson, d.b.a. Franklin Excavating, Inc., Appellant, v. Guernsey County Board of Commissioners, Appellee.

[Cite as State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),    Ohio St.3d    .]

Mandamus -- Civ.R. 12(B)(6) motion to dismiss improperly used by court when court uses the motion to summarily review the merits of relator's claim and to prematurely dispose of the case.

(No. 91-2353 -- Submitted November 24, 1992 -- Decided December 30, 1992.)

Appeal from the Court of Appeals for Guernsey County, No. 91-CA-08.

In December 1990, Steven Hanson, d.b.a. Franklin Excavating, Inc. ("Hanson"), relator-appellant, submitted a bid to the Guernsey County Board of County Commissioners ("board"), appellee, to construct a sanitary sewer for a subdivision in Cambridge, Ohio. On January 16, 1991, the board awarded the sewer contract to Ms. Parsons Construction, Inc. ("Parsons"). Parsons' bid was approximately $5,000 higher than Hanson's, but the board determined Parsons' bid to be the lowest and best.

Hanson filed a complaint in the Court of Appeals for Guernsey County, seeking a writ of mandamus to compel the board to either award his company the sewer contract, or pay the company "wages, benefits, interest and/or profits" lost due to the rejection of its bid. Hanson attached to his complaint the board's notice to bidders, his bid, Parsons' bid, the criteria used to evaluate the bids, and a letter advising him that Parsons had been awarded the contract. His complaint alleged that the board had failed to award the contract to the lowest and best bidder pursuant to R.C. 307.90.

The court of appeals initially granted Hanson's request for an alternative writ, ordering the board to show cause on June 21, 1991 why the peremptory writ should not issue. In lieu of an answer, the board filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted), but argued that Hanson had not proved the prerequisites for a writ of mandamus to issue.

The board submitted evidence with its motion, including an affidavit explaining the board's review of the bids, the resolution awarding the contract to Parsons, and minutes of a meeting at which the board told Hanson why it rejected his bid.

Hanson opposed the motion to dismiss and filed an amended complaint on July 31, 1991. His amended complaint contained these new allegations, among others:

"Contrary to the fourteen (14) items listed by the [board] as the criteria that [the board] would follow in making a determination as to whether a bid was the 'lowest and best' bid, [the board] considered other criteria without prior notice to the bidders in reaching its decision not to grant the bid to [Hanson], including, but not limited to, considerations of [Hanson's] corporate or non-corporate status, whether [Hanson] owned or rented his equipment, and whether [Hanson's] start-up costs (though not total costs) were higher than other bidders."

The board responded to the amended complaint on August 27, 1991 by filing a second motion to dismiss that restated the argument made in its first motion. Hanson represents that he was not served with and did not know of this filing. On September 26, 1991, the court of appeals granted the board's first motion and dismissed the complaint as initially filed. The court held, in part:

"Ohio law is well-settled that [the board] has discretion to determine who is the lowest and best bidder. Mandamus does not lie to reverse an administrative official's discretionary decision, unless the facts demonstrate that the official abused his discretion, see State ex rel. Board of Education v. State Department of Education (1981), 67 Ohio St.2d 126 [21 O.O.3d 79, 423 N.E.2d 174].

"Our review of the record leads us to conclude that [Hanson] has not alleged sufficient facts to demonstrate an abuse of discretion."

On October 7, 1991, Hanson asked for leave to file a second amended complaint, which contained additional allegations discovered during depositions, and moved for "reconsideration and/or reinstatement of the amended pleadings." Hanson argued that the court had not applied the proper standard of review for Civ.R. 12(B)(6) motions. On October 28, 1991, he filed notice of his appeal to this court. Nearly two months later, the court of appeals overruled his motion, holding:

"This action was commenced as an original action in this court, and the civil rules do not permit motions for reconsideration of a final judgment of a trial court * * *. [Citations omitted.]

"[Hanson] alternatively requests that we clarify our entry of September 26, 1991 so that it is clear that only his original pleadings were dismissed, and not his first amended complaint. This court actually dismissed the action in toto.

"Finally, [Hanson] moved this court for leave to file his second amended complaint, alleging new evidence and a new cause of action. Because we have previously dismissed this cause, no amended complaint can be filed herein."

The cause is before this court upon an appeal as of right.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,

Ronald G. Macala and Randall Vehar, for appellant.

C. Keith Plummer, Prosecuting Attorney, for appellee.

Per Curiam.   Two questions are presented for our review. First, did the court of appeals err by denying the writ of mandamus on the board's Civ.R. 12(B)(6) motion?  Second, should a writ of mandamus be granted?  For the reasons that follow, we hold that the court of appeals improperly used the motion to dismiss to summarily review the merits of Hanson's claim and to prematurely dispose of this case.  Moreover, to resolve whether Hanson has sustained his burden of proof on this record would compound the court's error.  Accordingly, we reverse and remand.

Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  Assn. for the Defense of the Washington Local School Dist. v. Kiger (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293.  Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment.  Civ.R. 12(B); State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384.  Even then, only certain forms of evidence may be submitted to support the motion.  Civ. R. 56(C).

The standard for reviewing the sufficiency of a mandamus complaint was stated in State ex rel. Alford v. Willoughby (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785:

"In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted.  Jenkins v. McKeithen (1969), 395 U.S. 411, 421 [89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416]. [All reasonable inferences must also be drawn in favor of the nonmoving party.  Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589.]  Then, before the court may dismiss the complaint, '* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.  * * *'  O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242 [71 O.O.2d 223, 327 N.E.2d 753].

"In order to establish a claim in mandamus, it must be proved that there exists a clear legal duty plain and to act on the part of a public officer or agency, and that the relator has no adequate remedy in the ordinary course of the law.  State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141 [40 O.O.2d 141, 228 N.E.2d 631], paragraph one of the syllabus.  A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted."

Accord State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80-81, 537 N.E.2d 641, 644-645, and State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 96-97, 563 N.E.2d 713, 715-716.

This standard is consistent with Civ.R. 8(A), which

provides for notice pleading and requires only (1) "a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled."  Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery.  York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063, 1065.

The standard of review for Civ.R. 12(B)(6) motions is also consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint.  If a motion for failure to state a claim is sustained, "leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect."  McCormac, Ohio Civil Rules of Practice (2 Ed.1992) 150, Section 6.20.  Civ.R. 15(A) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party."

Hanson asserts that he was entitled under this rule to amend his complaint because a motion to dismiss is not a responsive pleading.  We agree.  Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings.  Moreover, the provisions for amending are complemented by Civ.R. 12(A)(2)(b), which states:

"* * * The service of a motion permitted under this rule alters * * * [the twenty-eight day answer and reply periods] as follows, unless a different time is fixed by order of the court: * * * if the court grants a motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after service of the pleading which complies with the court's order."  (Emphasis added.)

The court of appeals' dismissal of Hanson's complaint and refusal to consider his attempts to file an amended complaint that conformed to the court's initial ruling cannot be reconciled with the preceding authority.  Contrary to Civ.R. 12(B), the court apparently did not exclude the board's evidence in sustaining the motion to dismiss, which was held to be error in Natalina Food Co., supra, at 99, 562 N.E.2d at 1384.  Moreover, contrary to Alford, supra, and Civ.R. 15(A) and 12(A)(2)(b), the court apparently viewed its decision as substantive, i.e., as a decision on the merits of Hanson's claim, because the court would entertain no further filings in the matter.

In addition to its evidence, the board relied on State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty. (1984), 12 Ohio St.3d 60, 12 OBR 51 465 N.E.2d 416, before the court of appeals.  In Executone, we affirmed the dismissal of a complaint in mandamus because it alleged nothing more than that a board of county commissioners had not awarded a government

contract to the lowest and best bidder.  We explained:

"Appellant's complaint does not allege, nor does appellant argue herein, the utilization of unannounced criteria by the board of county commissioners.  Nor does the complaint allege bad faith, fraudulent conduct or any other allegation which could be construed to constitute an abuse of discretion.  Instead, the complaint simply alleges that appellant submitted the 'lowest and best bid.'  Since under R.C. 307.90 the determination of which bid constituted the 'lowest and best bid' involved the exercise of a certain degree of discretion by appellees, appellant's complaint merely asked the court of appeals to substitute its discretion for that which was exercised by appellees.  Under such circumstances, mandmaus will not lie, and the court of appeals correctly dismissed the complaint.  Cf. State, ex rel. Britton, v. Scott (1983), 6 Ohio St.3d 268 [6 OBR 334, 452 N.E.2d 1312]."  Id. at 61-62, 12 OBR at 53, 465 N.E.2d at 417-418.

Executone is authority for the dismissal of a complaint that attacks the decision of a board of county commissioners to award a contract, but does not allege an abuse of discretion.  However, unlike the court of appeals in this case, the trial court in Executone sustained the motion to dismiss on the basis of the complaint alone.  Moreover, even if the court of appeals here did not consider the evidence submitted with the board's motion to dismiss, Executone, coupled with Civ.R. 15 and 12(A)(2)(b), establishes that the court's rejection of Hanson's first amended complaint was error.  This amended complaint contained the precise allegations that the Executone court would have found sufficient to withstand the motion to dismiss -- "the utilization of unannounced criteria by the board of county commissioners."  Executone, at 62, 12 OBR at 53, 465 N.E.2d at 417-418.

In essence, the court of appeals here did not specifically exclude evidence attached to Hanson's complaint and the board's motion to dismiss.  The court also did not advise the parties that it was going to reach a final disposition by converting the motion to dismiss into a motion for summary judgment.  Moreover, when the court sustained the motion to dismiss and refused to consider Hanson's amended complaint, the court essentially denied him the opportunity to prove his case after completing discovery.  Under the cited Civil Rules and precedent, however, Hanson properly responded to the motion to dismiss by shoring up his initial complaint.

### Mandamus

Hanson next argues that he should be granted a writ of mandamus to remedy the board's abuse of discretion.  However, like the court of appeals' disposition in this case, Hanson's argument is premature.  At present, the only matters properly before us are pleadings and the motions to dismiss, which do not constitute evidence.  Thus, this record will not sustain a substantive decision on the merits of this controversy.

Accordingly, the decision sustaining the motion to dismiss is reversed, and the cause is remanded to the court of appeals for further proceedings.

Judgment reversed
and cause remanded.

Moyer, C.J., Sweeney, Douglas, H. Brown and Resnick, JJ.,

concur.

Holmes and Wright, JJ., dissent.

Holmes, J., dissenting. I respectfully dissent because I believe that the court of appeals was without jurisdiction to consider appellant's complaint seeking a writ of mandamus.

Before a writ of mandamus will be granted by the court, the relator must establish three essential elements: "(1) that [he has] a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that [relator has] no plain and adequate remedy in the ordinary course of the law." (Emphasis added.) State ex rel. Natl. City Bank v. Cleveland Bd. of Edn. (1977), 52 Ohio St.2d 81, 84, 6 O.O.3d 288, 290, 369 N.E.2d 1200, 1202. "A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted." State ex rel. Alford v. Willoughby Civ. Serv. Comm. (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785.

In reaching its decision, the majority failed to appreciate the significance of the prerequisite to mandamus that the relator have no plain and adequate remedy in the ordinary course of law.1 Under the facts of the instant case, appellant clearly had available to him other adequate means of relief in the court of common pleas. Suits are commonly brought there by vendors who seek to overturn the bidding process of a public authority, and this they seek to do through the mechanisms of temporary and permanent injunctive relief.

In his original complaint filed in the court of appeals, appellant sought alternative forms of relief: (1) a court order causing the Guernsey County Board of Commissioners to award his business the construction contract, or (2) a court order "to make [him] whole for all wages, benefits, interest and/or profits thereon that he has lost as a result of [the] Board's refusal to award him * * * [that contract]." The plain thrust of appellant's first claim for relief, stripped of artful framing, was in the nature of injunctive relief. An injunction provides a party with equitable relief under extraordinary circumstances where there exists no adequate remedy at law. Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507, 510, 584 N.E.2d 704, 707. "It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot." Garono v. State (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496, 498. Mandamus, a coercive writ, which compels performance of a duty, is distinguishable from the equitable relief of an injunction:

"There is a substantial difference between commanding and forbidding action. It has been well stated that the important feature of the writ of mandamus which distinguishes it from any other remedial writ is that it is used merely to compel action and to coerce the performance of a pre-existing duty. The functions of an injunction are ordinarily to restrain motion and enforce inaction, while those of mandamus are to set in motion and compel action." State ex rel. Smith v. Indus. Comm. (1942), 139 Ohio St. 303, 306, 22 O.O. 349, 351, 39 N.E.2d 838, 839.

What appellant actually sought was to contest a contract

already awarded to a successful bidder.  His action was not merely one claiming a legal right; it sought rescission of a prior agreement.  As this court previously stated in State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus:

"Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction."

In cases factually similar to the instant appeal, this court has held that mandamus will not lie to control the exercise of discretion of a board of county commissioners in awarding construction contracts because the relator has an adequate remedy by way of injunction.  State ex rel. Roger J. Au & Son, Inc. v. Studebaker (1963), 175 Ohio St. 222, 24 O.O.2d 309, 193 N.E.2d 84 ("This court will ordinarily, in the exercise of its discretion, deny a writ of mandamus where the relator has a plain and adequate remedy in the ordinary course of law, including an equitable remedy." Id.)  State ex rel. Al Monzo Construction Co., Inc. v. Warren Bd. of Control (1961), 172 Ohio St. 370, 16 O.O.2d 220, 176 N.E.2d 427.  Accord State ex rel. Cotleur v. Cleveland Hts. Bd. of Edn. (1960), 171 Ohio St. 335, 14 O.O.2d 7, 170 N.E.2d 845.

Since appellant's complaint sought to prevent an action rather than compel performance of a legal duty, the court of appeals was without jurisdiction to rule on the merits of the action.  Accordingly, because appellant could have brought his action in the court of common pleas as an action seeking temporary and permanent injunctive relief, appellant had a plain and adequate remedy in the ordinary course of law.  A court presented with a complaint in mandamus errs when it premises jurisdiction on the relator's designation of the action without examining the essence of the demand.

Moreover, it is evident from even a very cursory review of appellant's second claim for relief that it was a claim for damages and thus outside the appellate court's limited jurisdiction in mandamus.  Such claim was more properly the concern of a trial court where a factfinder could weigh the evidence and credibility of witnesses in arriving at a monetary award.  It is plain from the record that all of the issues raised are controverted and require weighing of credibility and evidence.  The basic issue is whether and to what extent appellant is owed any duty whatsoever.  This being so, the matters raised were properly the province of a court of common pleas.

Accordingly, I would affirm the court of appeals' dismissal of the action.

Wright, J., concurs in the foregoing dissenting opinion.


FOOTNOTE:
1  See R.C. 2731.05: "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."