Per Curiam.

Two questions are presented for our review. First, did the court of appeals err by denying the writ of mandamus on the board’s Civ.R. 12(B)(6) motion? Second, should a writ of mandamus be granted? For the reasons that follow, we hold that the court of appeals improperly used the *548 motion to dismiss to summarily review the merits of Hanson’s claim and to prematurely dispose of this case. Moreover, to resolve whether Hanson has sustained his burden of proof on this record would compound the court’s error. Accordingly, we reverse and remand.

Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Assn. for the Defense of the Washington Local School Dist. v. Kiger (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B); State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384. Even then, only certain forms of evidence may be submitted to support the motion. Civ.R. 56(C).
The standard for reviewing the sufficiency of a mandamus complaint was stated in State ex rel. Alford v. Willoughby (1979), 58 Ohio St.2d 221, 223-224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785:
“In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted. Jenkins v. McKeithen (1969), 395 U.S. 411, 421 [89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416]. [All reasonable inferences must also be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589.] Then, before the court may dismiss the complaint, ‘ * * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * * ’ O’Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242 [71 O.O.2d 223, 327 N.E.2d 753].
“In order to establish a claim in mandamus, it must be proved that there exists a clear legal duty to act on the part of a public officer or agency, and that the relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. Pressley, v. Indus. Comm. (1967), 11 Ohio St.2d 141 [40 O.O.2d 141, 228 N.E.2d 631], paragraph one of the syllabus. A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.”
Accord State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80-81, 537 N.E.2d 641, 644-645, and State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 96-97, 563 N.E.2d 713, 715-716.
*549 This standard is consistent with Civ.R. 8(A), which provides for notice pleading and requires only (1) “a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.” Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063, 1065.
The standard of review for Civ.R. 12(B)(6) motions is also consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, “leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.” McCormac, Ohio Civil Rules of Practice (2 Ed.1992) 150, Section 6.20. Civ.R. 15(A) provides:
“A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.”
Hanson asserts that he was entitled under this rule to amend his complaint because a motion to dismiss is not a responsive pleading. We agree. Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings. Moreover, the provisions for amending are complemented by Civ.R. 12(A)(2)(b), which states:
“ * * * The service of a motion permitted under this rule alters * * * [the twenty-eight day answer and reply periods] as follows, unless a different time is fixed by order of the court: * * * if the court grants a motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after service of the pleading which complies with the court’s order.” (Emphasis added.)
The court of appeals’ dismissal of Hanson’s complaint and refusal to consider his attempts to file an amended complaint that conformed to the court’s initial ruling cannot be reconciled with the preceding authority. Contrary to Civ.R. 12(B), the court apparently did not exclude the board’s evidence in sustaining the motion to dismiss, which was held to be error in Natalina Food Co., supra, 55 Ohio St.3d at 99, 562 N.E.2d at 1384. Moreover, contrary to Alford, supra, and Civ.R. 15(A) and 12(A)(2)(b), the court apparently viewed *550 its decision as substantive, i.e., as a decision on the merits of Hanson’s claim, because the court would entertain no further filings in the matter.
In addition to its evidence, the board relied on State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty. (1984), 12 Ohio St.3d 60, 12 OBR 51, 465 N.E.2d 416, before the court of appeals. In Executone, we affirmed the dismissal of a complaint in mandamus because it alleged nothing more than that a board of county commissioners had not awarded a government contract to the lowest and best bidder. We explained:
“Appellant’s complaint does not allege, nor does appellant argue herein, the utilization of unannounced criteria by the board of county commissioners. Nor does the complaint allege bad faith, fraudulent conduct or any other allegation which could be construed to constitute an abuse of discretion. Instead, the complaint simply alleges that appellant submitted the ‘lowest and best bid.’ Since under R.C. 307.90 the determination of which bid constituted the ‘lowest and best bid’ involved the exercise of a certain degree of discretion by appellees, appellant’s complaint merely asked the court of appeals to substitute its discretion for that which was exercised by appellees. Under such circumstances, mandamus will not lie, and the court of appeals correctly dismissed the complaint. Cf. State, ex rel. Britton, v. Scott (1983), 6 Ohio St.3d 268 [6 OBR 334, 452 N.E.2d 1312].” Id. at 61-62, 12 OBR at 53, 465 N.E.2d at 417-418.
Executone is authority for the dismissal of a complaint that attacks the decision of a board of county commissioners to award a contract, but does not allege an abuse of discretion. However, unlike the court of appeals in this case, the trial court in Executone sustained the motion to dismiss on the basis of the complaint alone. Moreover, even if the court of appeals here did not consider the evidence submitted with the board’s motion to dismiss, Executone, coupled with Civ.R. 15 and 12(A)(2)(b), establishes that the court’s rejection of Hanson’s first amended complaint was error. This amended complaint contained the precise allegations that the Executone court would have found sufficient to withstand the motion to dismiss — “the utilization of unannounced criteria by the board of county commissioners.” Executone, at 62, 12 OBR at 53, 465 N.E.2d at 417-418.
In essence, the court of appeals here did not specifically exclude evidence attached to Hanson’s complaint and the board’s motion to dismiss. The court also did not advise the parties that it was going to reach a final disposition by converting the motion to dismiss into a motion for summary judgment. Moreover, when the court sustained the motion to dismiss and refused to consider Hanson’s amended complaint, the court essentially denied him the opportunity to prove his case after completing discovery. Under the cited *551 Civil Rules and precedent, however, Hanson properly responded to the motion to dismiss by shoring up his initial complaint.

Mandamus

Hanson next argues that he should be granted a writ of mandamus to remedy the board’s abuse of discretion. However, like the court of appeals’ disposition in this case, Hanson’s argument is premature. At present, the only matters properly before us are pleadings and the motions to dismiss, which do not constitute evidence. Thus, this record will not sustain a substantive decision on. the merits of this controversy.
Accordingly, the decision sustaining the motion to dismiss is reversed, and the cause is remanded to the court of appeals for further proceedings.

Judgment reversed and cause remanded.

Moyer, C.J., Sweeney, Douglas, H. Brown and Resnick, JJ., concur.
Holmes and Wright, JJ., dissent.