OPINION
Appellee, James Hardy, designed and operates an internet website called the "Citizens for a Better Jackson Township" (hereinafter "CBJT"). This website allows internet users to read and post opinions on the website. On December 22, 1999, appellant, Lori Sabbato, filed a complaint against appellee and John/Jane Does concerning defamatory comments of appellant posted on the website. On December 23, 1999, appellant filed a first amended complaint, adding additional claims for relief. On January 19, 2000, appellee filed a motion to dismiss claiming failure to state a claim for relief because he was entitled to immunity under the Communications Decency Act of 1996, Section 230, Title 47, U.S.Code. On February 16, 2000, appellant filed a second amended complaint, adding Christopher Rudy as a party-defendant. On February 22, 2000, appellant filed a third amended complaint. On February 22, 2000, the trial court granted appellee's motion to dismiss the first amended complaint. On March 7, 2000, appellee filed a motion to dismiss the second and third amended complaints. By judgment entry filed April 11, 2000, the trial court granted said motion and dismissed the complaints as to appellee. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I
Appellant's first assignment of error claims the trial court's decision to grant a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted was premature. Appellant argues from the four corners of the third amended complaint alone the trial court could not have made the determination that appellee was entitled to immunity under the Communications Decency Act of 1996, Section 230, Title 47, U.S.Code. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56 . Civ.R. 12(B)(6) states as follows: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *(6) failure to state a claim upon which relief can be granted * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
The third amended complaint filed February 22, 2000 specifically claimed appellee was a "webmaster" for an internet website community known as "CBJT." As the webmaster, appellee required a user ID/account and an access password for anyone posting or replying to messages. Appellee "exercises exclusive discretion over who may or may not post" and frequently posts himself. See, Third Amended Complaint at paragraphs 20 and 21. Said complaint further alleged the following:
 1. Appellee "knowingly and/or negligently" encouraged and facilitated anonymous postings thereby encouraging anonymous "libelous postings." See, paragraphs 23 and 24.
 2. Appellee participated in the actions leading to libel, menacing/stalking, spoliation and infliction of emotional distress. See, paragraph 25.
 3. The actions of Christopher Rudy and John/Jane Does caused libel, menacing/stalking, harassment and public policy violations. See, paragraphs 49-59.
 4. Appellee engaged in spoliation and acted in concert with Mr. Rudy and Does. See, paragraphs 64-68.
The trial court granted appellee's motion to dismiss, basing its decision on the immunity provided under Section 230(c), Title 47, U.S. Code which states as follows: (c) Protection for 'Good Samaritan' blocking and screening of offensive material
(1) Treatment of publisher of speaker
 No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.
(2) Civil liability
 No provider or user of an interactive computer service shall be held liable on account of —
 (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
 (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).
From the bare allegations of the third amended complaint, the trial court concluded appellee was a provider as defined by the cited section and therefore dismissed the entire third amended complaint as it applied to appellee. In Zeran v. America Online, Inc. (1997), 958 F. Supp. 1124, affirmed 129 F.3d 327, the United States District Court for the Eastern District of Virginia ruled a negligence action styled on a theory of distributor liability conflicted with the spirit and express language and purposes of Section 230. In reaching this conclusion, the Zeran court found Section 230(d)(3) did not reflect a congressional intent to preempt state law remedies for defamatory material on an interactive computer service. State court remedies may exist as long as they do not conflict with the express purposes of Section 230. As far as appellee was a distributing party is concerned, it is clear from the pleadings that appellee was immune from suit. However, from our examination of the four corners of the pleadings, in particular, where it is alleged that appellee participated in the libelous remarks, we find the automatic cloak of immunity under Section 230 was not available without first converting the motion to dismiss into a motion for summary judgment in order to examine facts outside the pleadings. In addition, the trial court specifically found appellee to be a "provider" thereby affording him the "good faith" immunity under Section 230. This characterization cannot be done without some evidence. Furthermore, the "good faith" language presupposes some evidence of that "good faith" which cannot find within the four corners of the third amended complaint. Upon review, we find the trial court erred in granting appellee's motion to dismiss on the basis of immunity. Assignment of Error I is granted.
 II, III, IV, V
Based upon our decision in Assignment of Error I, these assignments are moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J. Gwin, P.J. and Wise, J. concur.