[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant, Ohio Retail Services, Ltd., filed a three-count complaint against David P. Sheehy and the Brandt Retail Group, the defendants-appellees. Ohio Retail sought in its complaint to recover damages for breach of an alleged restrictive covenant in a contract and for breach of covenants of confidentiality and nondisclosure of proprietary information and trade secrets. Sheehy and Brandt moved severally for dismissal of the complaint for failure to state a claim upon which relief could be granted. Ultimately, the trial court found the motions to be well taken and dismissed the complaint. Ohio Retail filed a motion for reconsideration of that decision and therein requested leave to file an amended complaint. Subsequently, Ohio Retail moved for relief from the judgment dismissing its complaint and again requested leave to amend the complaint. One day later, Ohio Retail filed a notice of appeal of the dismissal to this court. Some two weeks later, the trial court overruled Ohio Retail's motions for reconsideration and for relief from judgment and thereby implicitly denied leave to amend the complaint.
The first assignment of error is that the court erred in granting the Civ.R. 12(B)(6) motions to dismiss the complaint. The second assignment is that the court erred in denying the motion for reconsideration and for leave to file an amended complaint.
The essential facts establishing the controversies between the parties are that, in May 1994, Sheehy entered into a written contract as a salesperson for the Linder Group, Inc., d.b.a. The Linder Company, which specified that he was to be "an independent contractor" and not an "employee." Sheehy agreed, inter alia, that certain information concerning real estate was and would be "confidential information" in which the Linder Company had "a protectable interest," and that upon termination of the contract Sheehy could not use any such information "to his own advantage." The Linder Company assigned the contract to Ohio Retail, which was doing business as the Linder Company, Ltd., and Sheehy continued to work for the Linder Company after the assignment until the contract was terminated.
Ohio Retail asserted that it thereafter discovered that Sheehy had taken names of clients and customers and files that were the "sole property" of Ohio Retail and had disclosed them to other persons. Ohio Retail claimed that such "theft of confidential information and trade secrets" by Sheehy breached the contract between them. Further, Ohio Retail claimed that, when Sheehy had affiliated with Brandt, he provided his new employer with the information taken from Ohio Retail's files, and that Brandt, with prior knowledge that that information was "the sole and absolute property" of Ohio Retail, had nevertheless used the information to its advantage.
We address first the issues that pertain to Brandt. The first assignment is not well taken as to Brandt because Brandt was not a party to the contract claimed to have been breached. Resultantly, the complaint as phrased was insufficient, fundamentally, as a matter of law.
The second assignment also is not well taken as to Brandt. Even if we assume arguendo that the motion for relief from judgment somehow brought into play the provisions of Civ.R. 15, despite Ohio Retail's failure to tender or otherwise present the proposed amended complaint, the concluding sentence of its attached memorandum makes it certain that Ohio Retail sought to file an amended complaint solely against Sheehy. Therefore, it cannot be said that the court abused its discretion in denying leave to amend the complaint as it pertained to Brandt. For the reasons given, the second assignment in that respect is overruled.
We now direct our attention to the assignments as they affect Ohio Retail's complaint against Sheehy. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs. (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378, 381, stands for several propositions of law immediately apposite to the casesub judice:
 [T]o survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery. [Citation omitted.]
 The standard of review for Civ.R. 12(B)(6) motions is also consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, "leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect." McCormac, Ohio Civil Rules of Practice (2 Ed. 1992) 150, Section 6.20.
 With these principles in mind, the court in Hanson
held that the plaintiff there was entitled to amend its complaint after the defendant had filed, in response to the complaint, only a Civ.R. 12(B)(6) motion to dismiss, because a motion to dismiss is not a responsive pleading, and Civ.R. 15(A) permits a pleading to be amended once as matter of course at any time before a responsive pleading is served.
In its brief, Brandt broaches an issue that, subliminally, is incorporated in Sheehy's brief. Brandt contends that Sheehy's contract with the Linder Company was personal in nature and, therefore, could not have been assigned to Ohio Retail. In its motion for relief from judgment, in which it also requested leave to amend its complaint, Ohio Retail expressly sought "permi[ssion] * * * to file an amended complaint against Sheehy alleging that Sheehy assented to the assignment of thecontract from Linder to Ohio." (Emphasis added.) If, in fact, Ohio Retail's assertion is true, the question of assignability might be an issue germane to the controversy between Ohio Retail and Sheehy. Consequently, we must determine, in harmony with the principles established by the supreme court in Hanson, supra, whether the court erred in denying Ohio Retail leave to amend its complaint so that it might have rectified a "poorly pleaded complaint."
We hold that, as the case before us is procedurally postured, Ohio Retail was entitled to amend its complaint pursuant to Civ.R. 15(A), but only as to Sheehy. Resultantly, as to Sheehy, the second assignment of error is well taken and is sustained. The effect of this holding is to render the first assignment, as it relates to Sheehy, moot as the case now stands.
Therefore, the judgment of the trial court is affirmed as it applies to Brandt, but is reversed as it applies to Sheehy, and this cause is remanded to the trial court for further proceedings according to law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.