OPINION
{¶ 1} In 1992, 1996 and 2001, appellees, the Morgan County Board of Mental Retardation and Developmental Disabilities, the Mary Hammond Adult Activity Center, Inc., David Couch and Gilbert Melragon, were involved with tax levies to benefit mentally retarded and/or developmentally handicapped individuals. These levies were passed by the voters of Morgan County.
 {¶ 2} On December 10, 2001, appellant, Della Bratton, filed a complaint against appellees and others (collectively known as "county defendants") seeking declaratory and equitable relief as well as restitution of monies paid as a result of the levies. Appellant challenged the validity of the levies, the legality of the collection and the appropriation of the funds therefrom.
 {¶ 3} On February 5, 2002, appellees filed a motion to dismiss based upon the applicable statute of limitations and the doctrine of immunity. A hearing was held on July 23, 2002 wherein the county defendants made an oral motion to dismiss, adopting appellees' arguments. By decision and judgment entry filed September 25, 2002, the trial court granted said motions, finding appellant's claims were barred by the applicable statute of limitations and appellees were immune from liability.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING EACH OF PLAINTIFF'S CAUSES OF ACTION ON STATUTE OF LIMITATION GROUNDS."
 II {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CAUSES OF ACTION ON THE BASIS OF POLITICAL SUBDIVISION IMMUNITY."
 III {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN EXTENDING POLITICAL SUBDIVISION IMMUNITY TO A PRIVATE CORPORATION."
 {¶ 8} Because this case involved a Civ.R. 12(B)(6) dismissal, our standard of review is de novo. Greely v. Miami Valley MaintenanceContrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 I {¶ 9} Appellant claims the trial court erred in finding the claims were barred by the applicable statute of limitations under R.C. 2723.01. We agree in part.
 {¶ 10} Appellant argues the trial court erred in finding her challenges to the 1992 and 1996 tax levies were outside the one year statute of limitation proscribed by R.C. 2723.01 which states "[c]ourts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."
 {¶ 11} The central issue is the definition of "within one year after the taxes or assessments are collected." Appellant argues even though she filed her complaint on December 10, 2001, the taxes assessed by the 1996 levy did not "statutorily expire" until December 31, 2001.[1]
Appellant argues although the tax is levied for the first half of 2001, it is not assessed against the real estate until December 31, 2001. Therefore, appellant argues she commenced her action involving the 1996 levy timely.
 {¶ 12} Preliminarily, appellant is unable to prove that any claims involving the 1992 levy are timely because even under her interpretation of the statute, the last day of collection was December 31, 1997.
 {¶ 13} We find by using the plain meaning of the statute, "within one year" means one year after the first tax bill on the 1996 levy was collected, clearly prior to 2001. Therefore, any claims arising out of the 1996 levy are time barred. Pursuant to this reading of the statute, the claims against the 2001 levy were timely filed.[2]
 {¶ 14} Appellant also argues because her second cause of action centered on fraud and misrepresentation, the discovery rule for the determination of the fraud and misrepresentations should negate the statute of limitations defense. We disagree with this argument for the following reasons.
 {¶ 15} Tax levies are a matter of public record as are the disbursements made from these tax levies. The complaint states appellant uncovered and documented a long history of fraud and that she has researched the records of the county auditor "during the relevant times at issue." The levies of 1992 and 1996 specifically named the "Mary Hammond Adult Activity Center."
 {¶ 16} Because the use of the funds was indicated by the levy and the records of the disbursement of those funds were open to the public and appellant by her own admissions in her complaint had intimate knowledge of the issue, we find the use of the discovery rule to be inappropriate sub judice.
 {¶ 17} Appellant's third cause of action under the Ohio Corrupt Practices Act is controlled by R.C. 2923.34(K) which states as follows:
 {¶ 18} "Notwithstanding any other provision of law providing a shorter period of limitations, a civil proceeding or action under this section may be commenced at any time within five years after the unlawful conduct terminates or the cause of action accrues or within any longer statutory period of limitations that may be applicable. If a criminal proceeding, delinquency proceeding, civil action, or other proceeding is brought or intervened in by the state to punish, prevent, or restrain any activity that is unlawful under section 2923.32 of the Revised Code, the running of the period of limitations prescribed by this division with respect to any civil action brought under this section by a person who is injured by a violation or threatened violation of section 2923.32 of the Revised Code, based in whole or in part upon any matter complained of in the state prosecution, action, or proceeding, shall be suspended during the pendency of the state prosecution, action, or proceeding and for two years following its termination."
 {¶ 19} Clearly the action occurred with the placing of the 1992 and 1996 levies on the ballot. However, the alternative five year period would be the last collection date thereby leaving the 1996 levy open to challenge under the five year statute of limitations of the Ohio Corrupt Practices Act.
 {¶ 20} Therefore, under the statute of limitations analysis regarding violations of the Ohio Corrupt Practices Act, the claims against the 1996 and 2001 levies are viable.
 {¶ 21} We agree with the trial court's disposition of appellant's fourth cause of action.
 {¶ 22} Assignment of Error I is granted in part as it pertains to claimed violations of the Ohio Corrupt Practices Act for the 1996 and 2001 levies.
 II, III {¶ 23} Appellant claims the trial court erred in finding her claims were barred under the doctrine of sovereign immunity and erred in extending political subdivision immunity to a private corporation, the Mary Hammond Adult Activity Center. We agree.
 {¶ 24} The Mary Hammond Adult Activity Center as averred to in the complaint is a private nongovernmental entity providing services to a governmental agency. The broad purpose and history of the sovereign immunity statutes does not contemplate immunity to a nongovernmental agency.
 {¶ 25} R.C. 2744.01(F) specifically defines a political subdivision in pertinent part as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state."
 {¶ 26} From the four corners of the complaint, we cannot find that the Mary Hammond Adult Activity Center is a political subdivision. Upon review, we find the trial court erred in extending immunity to said entity.
 {¶ 27} Appellees as elected officials and body corporate of the state of Ohio claim they are immune from civil liability pursuant to their performance of a governmental function.
 {¶ 28} Civil liability is precluded for governmental acts unless one of the exclusions of R.C. 2744.03(A)(6) applies:
 {¶ 29} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 {¶ 30} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 31} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 32} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 33} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee."
 {¶ 34} Clearly, a challenge to the levying of taxes under R.C.2723.01 is liability, expressly imposed by statute, and as such, outside the protective shield of sovereign immunity under a Civ.R. 12(B)(6) standard. Therefore, the first claim for relief, the specific request to determine whether the 2001 levy is void is not barred by the sovereign immunity afforded in R.C. Chapter 2744.
 {¶ 35} The second claim is for fraud and misrepresentation under the Ohio Corrupt Practices Act and at paragraphs 102 and 103, appellant makes specific allegations of theft, telecommunications fraud, tampering with records, obstruction of justice, having an unlawful interest in a public contract and soliciting or receiving improper compensation, and avers said acts were knowingly and intentionally conducted. Under Ohio's definition of corrupt activity, a governmental agency may be an "enterprise" as defined in R.C. 2923.31(C):
 {¶ 36} "(C) `Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. `Enterprise' includes illicit as well as licit enterprises."
 {¶ 37} Corrupt activity is defined as "[n]o person employed by, or associated with, any enterprise [governmental agency] shall conduct or participate in, directly or indirectly, the affairs of the enterprise [governmental agency] through a pattern of corrupt activity or the collection of an unlawful debt." R.C. 2923.32(A)(1).
 {¶ 38} Each defendant sub judice is named in their individual capacity and is also named in their past governmental capacity as elected or appointed officials of Morgan County. See, Paragraphs 14, 15, 16 and 17 of the Complaint. As such, each is sued in their individual as well as corporate capacity. R.C. 2923.32 specifically states an individual in concert with a governmental agency can commit a corrupt practice. Therefore, the specific exclusion of political subdivision immunity under R.C. 2944.03(A)(6)(c) is applicable to the second cause of action.
 {¶ 39} Upon review, we find the claim as to the voidability of the 2001 levy should not have been dismissed.
 {¶ 40} Assignments of Error II and III are granted.
 {¶ 41} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, J., Gwin, P.J. and Wise, J., concur.
[1] This is a term of art created by appellant and is the last date the tax runs on property for the 1996 levy.
[2] The trial court did not dismiss the complaint against the 2001 levy on statute of limitations grounds.