[Cite as *Fields v. Bickle*, 2014-Ohio-2634.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| GERALD FIELDS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TODD A. BICKLE, CLERK | : | Case No. CT2014-0002 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CH2013-0239




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 June 16, 2014




APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

GERALD FIELDS, Pro Se                  MARK LANDERS
Inmate No. 617-709                     JULIA R. BAXTER
Franklin Medical Center                Two Miranova Place
P.O. Box 23658                         Suite 700
1990 Harmon Avenue                     Columbus, OH  43215
Columbus, OH  43223

*Farmer, P.J.*

{¶1} Appellant, Gerald Fields, is an inmate, currently in the Franklin Medical Center. He was convicted of trafficking in drugs and permitting drug abuse (Case No. CR2009-0166). On May 22, 2012, appellant was appointed counsel to pursue an appeal. On May 25, 2012, appellant submitted for filing with the Muskingum County Clerk of Courts, appellee herein, Todd Bickle, a motion for interim determination to appellate jurisdiction. Appellee did not file the motion as it did not come from appellant's appointed counsel, and instead forwarded the motion to said counsel.

{¶2} On May 23, 2013, appellant filed a complaint against appellee for failing to file the motion. Appellee filed a motion to dismiss the complaint on June 18, 2013. By entry filed December 12, 2013, the trial court granted the motion and dismissed the complaint, finding appellee was immune in his official and individual capacities.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY OFFENDING DUE PROCESS WHEN IT CONCLUDED THAT DEFENDANT WAS/IS 'EXEMPT' FROM LIABILITY UNDER O.R.C. § 2744.03(A)(6) FOR ACTIONS OR OMISSIONS MANIFESTLY OUTSIDE THE SCOPE OF DEFENDANT'S OFFICIAL DUTIES, RESPONSIBILITIES AND EMPLOYMENT."

I

{¶5} Appellant claims the trial court erred in granting appellee's Civ.R. 12(B)(6) motion to dismiss. We disagree.

{¶6}  Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber,* 57 Ohio St.3d 56 (1991).

{¶7}  In its entry filed December 12, 2013, the trial court specifically found the allegations of the complaint were within the duties and governmental function of the clerk of courts under R.C. 2303.08 which states the following:

> The clerk of the court of common pleas shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing, enter all orders, decrees, judgments, and proceedings of the courts of which such individual is the clerk, make a complete record when ordered on the journal to do so, and pay over to the proper parties all moneys coming into the clerk's hands as clerk. The clerk may refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section.

{¶8} It necessarily follows that the filing of motions is a governmental function and the principles of sovereign immunity apply. *See,* R.C. 2744.01(C) and R.C. 2744.02(A). As noted by the trial court, none of the exceptions to immunity applies sub judice. *See,* R.C. 2744.02(B)(1)-(5).

{¶9} R.C. 2744.03 governs defenses and immunities, and states the following in pertinent part:

(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section

imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{¶10} The sole act complained of is that appellee refused to file appellant's pro se motion because he had an appointed counsel of record. We note this motion was attempted to be filed in this court, as it is entitled "In the Fifth Appellate District Court for Muskingum County," Case No. CT 2012-0030 (a prior appeal). As the duly elected Clerk of Courts for the Muskingum County Common Pleas Courts, appellee has a statutory duty to act as clerk for this court for actions filed in appellee's county. *See,* R.C. 2303.03 and Loc.R. 2(A) of the Fifth Appellate Judicial District.

{¶11} Appellant also appears to argue that the trial court's decision went outside the four corners of the complaint. As noted, the trial court's decision rested on the filing of papers as a governmental function and immunity applied, unless there are allegations of acts or omissions committed with "malicious purpose, in bad faith, or in a wanton or reckless manner." We find, as did the trial court, that appellant has not alleged any facts in the complaint to justify that appellee's actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner. Appellant alleged in his complaint that pursuant to his discretion, appellee forwarded the motion to his counsel of record, and appellant acknowledged that his attorney responded to him. *See,* Complaint at 6 and attached letter from Attorney David Sams. Although the terms

"wanton," "maliciously," "recklessly," and "bad faith" are sprinkled throughout the complaint, the pleading speaks in "negligence."

{¶12} We further note we do not see any reason for the motion for interim determination to appellate jurisdiction as the determination of appellate jurisdiction rests solely in the de novo review by this court pending an appeal once briefing is complete and no damages could inure to appellant.

{¶13} Upon review, we find the trial court did not err in granting the motion to dismiss.

{¶14} The sole assignment of error is denied.

{¶15} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 519