Appellant Brian Williams is appealing the decision of the Licking County Court of Common Pleas that dismissed his complaint for wrongful imprisonment. The following facts give rise to this appeal.
On September 2, 1994, the Licking County Grand Jury indicted appellant for aggravated robbery. The jury found him guilty of this offense on April 27, 1995. On May 19, 1995, the trial court sentenced appellant to a minimum term of eight years to a maximum term of twenty-five years at the Orient Correctional Reception Center.
Following an appeal to this Court, on January 14, 1997, we reversed appellant's conviction and ordered a new trial. Following a second trial, the jury found appellant not guilty of aggravated robbery on September 3, 1997.
Thereafter, on August 20, 1998, appellant filed a petition against the State of Ohio for wrongful imprisonment. Appellee State of Ohio filed a motion to dismiss on September 11, 1998. The trial court dismissed appellant's complaint on September 30, 1998. The trial court held that because the case involves a claim against the State of Ohio, appellant's complaint must be filed in the Court of Claims.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE COMMON PLEAS COURT ERRED WHEN IT DISMISSED THIS CASE DUE TO LACK OF JURISDICTION TO HEAR A CLAIM AGAINST THE STATE OF OHIO FOR WRONGFUL IMPRISONMENT.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it dismissed his complaint for wrongful imprisonment. We disagree.
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel.Hanson v. Guemsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,548. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56, 60. It is based on this standard that we review appellant's assignment of error.
R.C. 2305.02 governs the determination of a claim for wrongful imprisonment. This statute provides:
 A court of common pleas has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by an individual who satisfied divisions (A)(1) to (4) of section 2743.48 of the Revised Code and that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person. If the court enters the requested determination, it shall comply with division (B) of that section.
R.C. 2743.48 addresses a civil action against the state for wrongful imprisonment. Pursuant to R.C. 2305.02, an individual must satisfy sections (A)(1) through (4). These sections provide:
 (A) As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
 (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
 (3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.
 (4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer or a municipal corporation against the individual for any act associated with that conviction.
In the case sub judice, appellant failed to allege any facts, in his complaint, that would satisfy the elements of R.C.2743.48(A)(1) through (4). Therefore, we find the trial court properly granted Appellee State of Ohio's motion to dismiss, not because it lacked jurisdiction to hear this matter, but because appellant failed to comply with R.C. 2305.02 and allege facts to satisfy the elements of R.C. 2743.48(A)(1) through (4).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Edwards, J., concur.
-------------------------
-------------------------
 ------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
-------------------------
-------------------------
 ------------------------- JUDGES