OPINION
Plaintiff-appellant, Lisa Ann Tubbs, individually and on behalf of her minor children, Jessica Lynn Rowe and Aaron Michael Rowe, appeals the decision of the Preble County Court of Common Pleas dismissing her complaint against defendants-appellees, Charles R. Rowe ("Rowe") and Motorists Mutual Insurance Company ("Motorists Mutual"). We reverse.
Appellant and Rowe are the divorced parents of Jessica, born March 28, 1987, and Aaron, born December 20, 1989. Appellant has legal custody of the children, and Rowe is given visitation with the children. Rowe remarried, and with his new wife he had an automobile insurance policy with Motorists Mutual ("Motorists Mutual policy") which provided liability and underinsured coverage on a 1991 Chevrolet Blazer and a 1992 Chevrolet Astro minivan.
The policy included general liability coverage of $100,000 per accident, with identical underinsured motorist ("UIM") coverage. Provisions in the policy restricted the stacking of recoveries and provided that any amount recovered under one coverage would be set off against the policy limits of the other coverage. The UIM coverage was provided at a discounted premium based upon a multi-car discount. Jessica and Aaron were considered "insureds" under the policy.
On April 30, 1994, Jessica and Aaron were visiting with Rowe. At approximately 11:00 a.m. that day, Rowe was driving the Blazer southbound on Pyrmont Road in Twin Township, Preble County, Ohio, with the children as passengers. Rowe lost control of the vehicle, and the Blazer went off of the road. Jessica and Aaron were not wearing seat belts, and they suffered substantial and severe injuries. It was determined that the accident was due to Rowe's negligence.
On July 3, 1995, appellant filed a complaint on behalf of herself and as guardian of the children seeking to recover from Rowe damages and lost consortium due to the injuries sustained by the children. Rowe filed an answer on August 2, 1995, alleging that appellant had failed to join a necessary party, Motorists Mutual, as required by Civ.R. 19 and 19.1. No substantial action was taken after initial discovery.
On July 24, 1997, the clerk of courts sent a notice to appellant that no activity had occurred in the case for more than six months, and the case was set to be dismissed for want of prosecution unless appellant demonstrated good cause by August 8, 1997. On August 7, 1997, appellant filed a motion to amend her complaint and join Motorists Mutual as a defendant. By this time, Motorists Mutual, on behalf of Rowe, had tendered and appellant had accepted $100,000, the maximum payment under the general liability coverage of the Motorists Mutual policy in settlement of the claim. In the amended complaint, appellant sought to recover $100,000 under the policy's UIM coverage.
On September 4, 1997, Motorists Mutual filed its answer to the amended complaint, raising several defenses. Motorists Mutual also filed a motion to dismiss the complaint, asserting that appellant had previously accepted a full settlement of the claim. Motorists Mutual argued that appellant's claim was barred by the anti-stacking provisions included in the policy. On September 11, 1997, appellant filed a motion in opposition to the motion to dismiss, arguing that appellant was not attempting to stack recoveries in contravention of the policy. At this time, Ross v.Farmers Ins. Group of Ohio Company, (1998), 82 Ohio St.3d 281, was pending before the Supreme Court of Ohio, and the trial court delayed its decision on the motion to dismiss pending resolution of Ross. On December 2, 1997, the Motorists Mutual policy was filed in the trial court.
On February 9, 1998, the trial court filed its entry dismissing the complaint against Motorists Mutual. The trial court found Ross inapplicable, that there was no factual dispute, and that the parties had previously settled the claim. On July 10, 1998, appellant filed a motion for reconsideration pursuant to Civ.R. 60(B)(5), arguing that Ross was controlling authority in the case. The trial court denied this motion on August 17, 1998, finding that Savoie v. Grange Mut. Ins. (1993), 67 St.3d 500, andHouseman v. First Natl. Ins. Co. (Dec. 20, 1995), Montgomery App. No. 15390, unreported, were controlling and that appellant was precluded from recovering under the UIM coverage.
Appellant appealed the denial of her motion for reconsideration. This court dismissed the appeal in Tubbs v. Rowe
(Oct. 1, 1998), Preble App. No. CA98-09-016, unreported, finding that there was no final appealable order because the claim against Rowe had been left unresolved. On October 5, 1998, the trial court filed an entry dismissing all claims with prejudice. Appellant appeals, raising two assignments of error. Because these assignments of error address similar issues, we will address them together.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT JESSICA AND AARON ROWE ARE PRECLUDED FROM RECOVERY OF UNDERINSURED MOTORIST COVERAGE BY REASON OF SAVOIE V. GRANGE MUTUAL INS. CO.
Assignment of Error No. 2:
 THE COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THE SUPREME COURT'S DECISION IN ROSS V. FARMERS INS. GROUP CO. DOES NOT APPLY TO JESSICA AND AARON ROWE'S CLAIMS.
 In her assignments of error, appellant contends that pursuant to Ross, Savoie is controlling, and Savoie permits recovery under the UIM coverage of the Motorists Mutual policy under the circumstances of this case. Appellant asserts that Savoie allows an injured party to recover under both liability and UIM coverages from the same policy.
A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey (1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus.
The standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. See Greeley v. Miami Valley Maintenance Contrs., Inc.
(1990), 49 Ohio St.3d 228, 229. Under such de novo analysis, the court must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the non-moving party. Byrd v. Farber (1991), 57 Ohio St.3d 56, 60.
A claim for UIM coverage is governed by the law in effect on the date of the contract. Ross, 82 Ohio St.3d 281, syllabus. Thus, Senate Bill 20 and its provisions allowing insurers to limit the extent of recovery under UIM coverage is inapplicable, and we must decide this case on the basis of Savoie and its progeny.
We first note that appellant's contention that Savoie andRoss allow an injured party to recover under the tortfeasor's general liability and UIM coverages is misplaced. In both of those cases, the injured parties were attempting to recover under their own UIM coverages after having received the proceeds of the tortfeasor's general liability coverage. In the present case, appellant seeks to recover not under her own UIM policy, but that of the tortfeasor, Rowe.
In resolving the question of when an insured is entitled to UIM proceeds, Savoie held:
 An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers.
 67 Ohio St.3d 500, paragraph three of the syllabus. As applied to the present case, it is clear that, because the children's damages exceed the $100,000 general liability coverage of the Motorists Mutual policy, appellant may recover UIM proceeds. The children are "insureds" under the policy as they are family or household members as defined in Savoie. Id., paragraph four of the syllabus. The issue then becomes from what policy may appellant recover such proceeds. Although Savoie did not address this question, the Supreme Court of Ohio resolved this issue in Cole v. Holland (1996), 76 Ohio St.3d 220, and Keppel v. Jack Keppel Estate
(1996), 76 Ohio St.3d 231.
 In Cole, the Supreme Court held the following:
 In determining the amount of underinsurance coverage to be paid on a claim involving an accident governed by former R.C. 3937.18, the underinsurance provider is entitled to set off the amounts actually recovered from the tortfeasor's liability carriers against the insured's total damages, rather than against its policy limits. (Savoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, paragraph three of the syllabus, applied and followed.)
 76 Ohio St.3d 220, syllabus. Keppel
applied this syllabus to the situation in which the injured party is seeking to recover under the tortfeasor's general liability and UIM coverages. In Keppel, the Supreme Court decided the certified question
 May an insurer who insures different members of the same household under one policy of automobile insurance enforce a provision in the policy that provides for a set-off, against the limits of underinsured motorist coverage, of any amount paid to the insured under the liability coverage of the same policy?
 76 Ohio St.3d at 231. The Supreme Court's response was in the negative. Id.
In light of Cole and Keppel, it is clear that an UIM provider may not set off against policy limits the amounts received from the tortfeasor's general liability insurance, even when the UIM coverage and the general liability coverage are under the same policy. It is now apparent that the payment of a reduced premium for UIM coverage is not a valid justification for reducing UIM coverage under former R.C. 3937.18. Vinnece v. Motorists Ins. Co.
(September 18, 1998), Montgomery App. No. 16998, unreported;Carpenter v. United Ohio Ins. Co. (May 9, 1997), Crawford App. No. 3-96-16, unreported; Painter v. State Auto Ins. Co. (Oct. 31, 1996), Franklin App. No. 95APE12-1558, unreported.
We find that the trial court erred in dismissing appellant's complaint to recover under the UIM coverage of the Motorists Mutual policy for the damages incurred by Jessica and Aaron. Accordingly, appellant's assignments of error are well-taken.
Judgment reversed and remanded for further proceedings.
POWELL, P.J., and VALEN, J., concur.