OPINION
In December of 1996, Tom Traikovich and appellee, Patrick Shawn McCabe dba McCabe Contractors, entered into a contract for appellee to construct a new home for Mr. Traikovich. As part of the contract, appellee was to install a septic system on the subject property. Appellee subcontracted with Lo Debar, Inc. to install said system. After Mr. Traikovich moved into the new home, he discovered numerous problems with the septic system. On October 5, 1998, Mr. Traikovich filed a complaint against appellee and Lo Debar, Inc. for breach of contract, negligence and violations of the Ohio Consumer Sales Practices Act. On October 22, 1998, appellee answered and filed a third party complaint against appellant, the Licking County Board of Health. In the third party complaint, appellee alleged appellant dictated the installation of the septic system. On November 20, 1998, appellant filed an answer claiming immunity under R.C. Chapter 2744. On November 23, 1998, appellant filed a motion to dismiss for failure to state a claim for which relief may be granted pursuant to Civ.R. 12(B)(6) because it is protected by sovereign immunity. By judgment entry filed December 7, 1998, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED BY REFUSING TO DISMISS THIS MATTER BECAUSE THIRD PARTY PLAINTIFF FAILED TO STATE A CLAIM AND THE DEFENSE OF SOVEREIGN IMMUNITY IS EVIDENT ON THE FACE OF THE COMPLAINT.
 I
Appellant claims the trial court erred in denying its motion to dismiss for failure to state a claim for which relief may be granted pursuant to Civ.R. 12(B)(6). We agree. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56. In the third party complaint at paragraph one, appellee alleged he made application to appellant for the installation of the "on-site sewage disposal/collection system." In paragraph three, appellee alleged appellant determined "that the type of system was to be septic, not aeration; that the system should contain a 1500 gallon septic tank; that the system should include 1200 l.f. of leach bed; that the system should be divided into two halves; and, that a curtain drain should surround the leach bed." Appellant inspected the site and issued a final permit "giving approval to the construction and operation thereof." See, Paragraph Seven. Appellee claimed should any liability arise, appellant is a "joint obligator" because appellant "dictated the type of on-site sewage system to be used, determined the general construction of the system, reviewed the installation of the system, and gave final approval for the use of the system." See, Paragraph Ten. In its answer, appellant raised the affirmative defense of sovereign immunity. Appellant claims as a matter of law its actions in directing, inspecting and approving the on-site sewage disposal/collection system was a governmental function pursuant to R.C. 2744.01(C)(2)(p) which states as follows: (C)(2) A `governmental function' includes, but is not limited to, the following:
 (p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures;
In its judgment entry filed December 9, 1998, the trial court denied the Civ.R. 12(B)(6) motion finding the third party complaint's allegations, if believed, "provide a basis for finding that the political subdivision caused injury or loss by the negligent performance of acts by the employees of the political subdivision with respect to proprietary functions of the political subdivision. As a result, R.C. 2744.02(B)(2) may be implicated." Said section states as follows: (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (2) Except as otherwise provided in sections 3314.07
and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
Pursuant to R.C. 2744.01(G)(1)(a), the definition of a proprietary function specifically excludes any of the governmental functions enumerated in R.C. 2744.01(C)(2), cited supra in part. There is no way an excluded governmental function can be "bootstrapped" to a proprietary function under R.C.2744.02(B)(2). Because the third party complaint alleged specifically excluded governmental functions without any negligence on the part of appellant, we find the Civ.R. 12(B)(6) motion to dismiss should have been granted and the cloak of sovereign immunity given to the allegations sub judice. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and the case is dismissed against appellant.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.