OPINION
On February 10, 1999, appellants, Ryan Reynolds, a preschooler, through his parents, Douglas and Tami Reynolds, and Douglas and Tami Reynolds individually, filed a complaint against appellee, the Board of Mental Retardation and Developmental Disabilities for Stark County, alleging negligence and wanton and willful misconduct. Said complaint arose from an incident on November 23, 1998 wherein Ryan was left unattended on a school bus after it was emptied. On May 13, 1999, appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) claiming immunity under R.C. Chapter 2744. By judgment entry filed June 16, 1999, the trial court granted said motion and dismissed the complaint. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE BOARD'S MOTION TO DISMISS. PLAINTIFFS' COMPLAINT DOES CONTAIN FACTS WHICH, IF PROVEN, STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.
 II THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT UNDER OHIO REVISED CODE § 2744, THE APPELLEE BOARD IS IMMUNE FROM LIABILITY. IT WAS NOT ENGAGED IN THE PERFORMANCE OF A `GOVERNMENTAL FUNCTION' AT THE TIME OF THE INCIDENT.
 I
Appellants claim the trial court erred in dismissing their complaint pursuant to Civ.R. 12(B)(6). We agree. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228
. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56. By judgment entry filed June 16, 1999, the trial court found the immunity afforded under R.C. Chapter 2744 to be controlling and dismissed the complaint. The trial court dismissed the complaint pursuant to Civ.R. 12(B)(6) without taking additional evidence via a summary judgment motion as provided for under said rule. Under a Civ.R. 12(B)(6) dismissal, we are required to examine only the four corners of the complaint. We cannot look to any other outside evidence. The complaint filed February 10, 1999 alleged the following:
 1. The complainants are Douglas and Tami Reynolds and their three year old son, Ryan Reynolds.
 2. Ryan was in appellee's custody and control on November 23, 1998.
3. Ryan was on appellee's school bus.
 4. Ryan was left alone on the school bus after it was emptied by appellee's employees.
 5. The complainants alleged negligence and wanton and willful misconduct by appellee's employees.
 6. The complainants alleged emotional harm that is permanent in nature.
 7. The complainants prayed for compensatory damages in excess of $25,000 and punitive damages in the amount of $2,000,000.
Under R.C. 2744.01(C)(2)(o), appellee is classified as a governmental function of the state and is therefore covered under the blanket of immunity: (2) A `governmental function' includes, but is not limited to, the following:
 (o) The operation of mental health facilities, mental retardation or developmental disabilities facilities, alcohol treatment and control centers, and children's homes or agencies;
R.C. 2744.02(B) provides for exceptions to sovereign immunity. In particular, subsections (B)(1), (B)(2) and (B)(4) state the following: (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority.
 (2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
On January 27, 1997, subsection (B)(4) was amended by Am.Sub.H.B. No. 350. Said amendment added the language "and is due to physical defects within or on the grounds of." Am.Sub.H.B. No. 350 was declared unconstitutional by the Supreme Court of Ohio in State ex rel. Ohio Assoc. of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451
. In particular, the Sheward case at paragraph three of the syllabus addressed the issue of amendments to R.C. Chapter 2744 in finding "Am.Sub.H.B. No. 350 violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution, and is unconstitutional in toto." Based upon the Sheward decision, appellants argue subsection (B)(4) applies sub judice. However, on June 30, 1997, H.B. No. 215 amended R.C. Chapter 2744 and included the "due to physical defects" language. Therefore, we find the exceptions under R.C. 2744.02(B) as deemed effective by H.B. No. 215 to be controlling and subsection (B)(4) to be inapplicable sub judice. R.C. 2744.03 provides for defenses to claims for acts or omissions of employees in connection with governmental or proprietary functions. Specifically, subsections (A)(2), (A)(3) and (A)(5) state as follows: (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 (2) The political subdivision is immune from liability if the conduct of the employee involved, other than negligent conduct, that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee.
 (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
From the four corners of the complaint, we find any of the above cited sections could apply. Subsection (A)(2) grants immunity to the political subdivision unless "negligent conduct" was involved. Subsection (A)(5) grants immunity to the political subdivision "unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Without anything in the record other than the allegations in the complaint, we cannot review the case in light of the cited sections. Upon review, we find the trial court's dismissal was premature. The trial court erred in granting appellee's motion to dismiss. Assignment of Error I is granted.
 II
Based upon our decision in Assignment of Error I, this assignment is moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
HOFFMAN, P.J. and EDWARDS, J. concur.