OPINION
{¶ 1} On May 7, 2001, Joan Lott filed a complaint for declaratory judgment in the Franklin County Court of Common Pleas against the Public Employees Retirement System of Ohio ("PERS"). The complaint averred that between July 19, 1952 and September 8, 1976, Ms. Lott had been married to Ralph Lott, who was the recipient of PERS benefits. The complaint further averred that the Lotts dissolved their marriage pursuant to a separation agreement which required Mr. Lott to retain the then-present beneficiaries on all insurance policies and to keep such insurance policies in full force and effect. Ms. Lott requested a declaration of PERS's "contractual obligations" pursuant to the 1976 separation agreement, and she requested "her fair share of pension benefits she should be entitled to receive pursuant to the September 8, 1976 Dissolution Decree."
 {¶ 2} On June 6, 2001, PERS filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6) for lack of subject-matter jurisdiction and/or for failure to state a claim upon which relief could be granted.
 {¶ 3} On June 25, 2001, the trial court rendered a decision granting PERS's motion to dismiss. The trial court indicated that the entire basis for Ms. Lott's complaint was that portion of the separation agreement which had provided that her ex-husband maintain the then-present beneficiaries on all insurance policies and keep such policies in effect. The trial court stated that PERS was not an insurance policy but was a retirement system, and PERS was not treated as or designed to operate like an insurance policy. Further, the trial court noted that the separation agreement made no mention of PERS or any retirement benefit(s). On this basis, the trial court granted PERS's motion to dismiss.
 {¶ 4} Ms. Lott (hereinafter "appellant") has appealed to this court, assigning the following error as error:
 {¶ 5} "I. DID THE TRIAL COURT ERR BY DISMISSING PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT TO SEEK INFORMATION FROM THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF OHIO?"
 {¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. In ruling on a motion to dismiss, the factual allegations in the complaint must be accepted as true, and the complaining party must be afforded all reasonable inferences possibly derived therefrom. Vail v. The Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 280. In addition, it must appear beyond doubt that the nonmoving party can prove no set of facts entitling him or her to relief. Id. Our review of a motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, 229.
 {¶ 7} Counsel for PERS asserts that even if every allegation in appellant's complaint is taken as true, the separation agreement upon which appellant's complaint is based only addressed insurance benefits, and PERS is not an insurance policy. In addition, appellee points out that the separation agreement is silent as to the retirement benefits of either party. Appellant argues that the trial court had jurisdiction to determine her rights. Specifically, appellant contends that she merely wanted to know from PERS what benefits, if any, were available to her upon her ex-husband's death.
 {¶ 8} For the reasons that follow, we agree with the trial court that the complaint failed to state a claim upon which relief could be granted. Accordingly, the motion to dismiss was properly granted.
 {¶ 9} Appellant's complaint, the averments therein taken as true, states in pertinent part:
 {¶ 10} "2. On September 8, 1976, Plaintiff and Ralph Lott dissolved their marriage and as part of a Separation Agreement of the parties, Ralph Lott was required to retain his present beneficiaries on all insurance policies and to keep said policies in full force and effect. See Separation Agreement and Dissolution Decree attached hereto.
 {¶ 11} "3. As a result thereof, Plaintiff should be entitled to receive her share of Ralph Lott's pension benefits from Defendant."
 {¶ 12} The pertinent portion of the separation agreement states:
 {¶ 13} "ARTICLE III. DIVISION OF PROPERTY.
 {¶ 14} "All property, real and personal, wheresoever situated, which the parties own individually or jointly or in common with each other, or in which either party has any interest or control, shall be divided as follows:
 {¶ 15} "A) Household Goods, Contents and Personal Property.
 {¶ 16} "* * *
 {¶ 17} "Husband shall retain his present beneficiaries on all insurance policies and keep said insurance policies in full force and effect.
 {¶ 18} "* * *
 {¶ 19} "ARTICLE V. COMPLETE SETTLEMENT.
 {¶ 20} "This Agreement shall be a full and complete settlement of all alimony, property rights between the parties each of whom does by the provisions herein, release, satisfy and discharge all claims and demands against the other, including rights of dower, inheritance, descent and distribution, allowance for years support, exemption from administration, all rights of surviving spouse, heir, legatee and next of kin in the estate of the other, and all rights to administer the estate of the other, and in all property each now own or may hereafter acquire, except as herein provided."
 {¶ 21} Retirement benefits accumulated during the course of a marriage are marital assets subject to property division. Erb v. Erb (1996), 75 Ohio St.3d 18, 20. However, the separation agreement here, including Article III.A) which addresses property division, says nothing about the parties' retirement benefits. Further, had the dissolution or separation agreement addressed retirement benefits, Ralph Lott's PERS benefits could not have been ordered to be distributed directly to appellant. Indeed, at the time of the dissolution, PERS was not subject to a qualified domestic relations order ("QDRO"). See Sprankle v. Sprankle (1993), 87 Ohio App.3d 129, 134.[1]
 {¶ 22} Again, the decree/separation agreement did not address pensions at all, let alone did it deal with a distribution of Ralph Lott's PERS benefits that was in conformity with the statutes governing the pension plan itself. If Ralph Lott's pension through PERS was going to be addressed at all in the separation agreement, it most likely would have had to have been in the form of a distributive award from the then-current income or property or an offset of a portion of the then-present value against other marital property, for example. See, in general, Hoyt v. Hoyt (1990), 53 Ohio St.3d 177; Sprankle. However, such pension was not addressed at all. Accordingly, appellant's complaint fails to state a claim against PERS.
 {¶ 23} We note further that appellant makes the argument that she may be entitled to Ralph Lott's PERS benefits, upon his death, as a named beneficiary. However, the complaint sets forth no operative facts that appellant is or was a named beneficiary as to any PERS account of Ralph Lott. More importantly, even if appellant had been the named beneficiary at the time of Ralph Lott's death, R.C. 145.43(B) states that the PERS's members marriage dissolution constitutes an automatic revocation of the member's previous designation.
 {¶ 24} Appellant has simply failed to state a claim against PERS, pursuant to the declaratory judgment act or otherwise, that she may be entitled to Ralph Lott's PERS benefits and/or that she is entitled to a declaration of PERS's obligations pursuant to the separation agreement (as appellant claimed in her complaint). Therefore, the motion to dismiss was properly granted.
 {¶ 25} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 26} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.
[1] We note that pursuant to Sub. H.B. No. 535, effective January 1, 2002, a court is now permitted to issue a division of property order ("DPO"), as specified in R.C. 3105.80 through 3105.90, which allows PERS to make direct payments to an "alternate payee" (i.e., a former spouse). A DPO is not the same type of order as a QDRO.