DECISION
 IN MANDAMUS {¶ 1} Relator, Regina Williams, has filed an action in this court against respondents, Franklin County Sheriff's Department, the processing center for the Sheriff's Department, and the payroll division of the Sheriff's Department, seeking monetary damages for injuries she allegedly sustained while in custody.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss the action for lack of jurisdiction. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, this action is dismissed.
Action dismissed.
Brown, P.J., and McGrath, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Regina Williams, :
 Relator, :
v. : No. 05AP-207
The Franklin County Sheriff['s] Department : (REGULAR CALENDAR)
et al., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on May 23, 2005 Regina Williams, pro se.
Ron O'Brien, Prosecuting Attorney, and Patrick E. Sheeran, for respondents.
 IN MANDAMUS ON RESPONDENTS' MOTION TO DISMISS {¶ 4} On March 2, 2005, relator/plaintiff, Regina Williams, filed an action in this court against respondents/defendants the Franklin County Sheriff's Department, the processing center for the Franklin County Sheriff's Department, and the payroll division for the Franklin County Sheriff's Department, seeking 60 million dollars in damages as Respondents. well as any civil damages which may be appropriate due to respondents' medical malpractice, fraud of medical insurance, forgery of medical insurance requests, and other injuries she allegedly sustained while in custody.
Findings of Fact:
 {¶ 5} 1. According to the complaint, on January 3, 2005, while in the custody of the Ohio State University Police Department, relator alleges that she was cuffed to a bench, searched for a second time, fingerprinted, and given a summons to report to Franklin County Municipal Court.
 {¶ 6} 2. Thereafter, relator was arrested on January 15, 2005 while in the lobby of Riverside Methodist Medical Center. Relator was processed by the Franklin County Sheriff's Department and was requested to sign consent forms relative to the following: medical history release forms and consent forms to use the exercise room.
 {¶ 7} 3. Relator refused to sign those consent forms for various reasons, such as:
Potential Addition of new family members with [sic] would be found either immediately, [o]r later seen as undesirable;
Potential damage to medical insurance claims and receiving of medical insurance * * *;
* * *
Potential forgeries of medical insurance claims and medical/health care requests:
* * *
Being punished and remanded through medical care and health care * * *.
 {¶ 8} 4. Relator also alleges that the conditions at the processing center made her suspicious to give respondents consent for the release and for review of medical records and medical history of any kind. Specifically, relator asserts that the following conditions existed:
• Toilet paper and other trash was found within the Holding Cell * * *;
• A very foul odor found within the Holding Cell;
• The Holding Cell looked as if it had not been cleaned for days;
• There were male inmates in the next holding cell area * * *;
• No food was given only bologna sandwiches with water from a faucet * * *;
• The uniform room was also where the males changed;
• The plaintiff * * * was searched in front of males/and other male Inmates.
 {¶ 9} 5. Relative to the Franklin County Correctional Facility wherein relator alleges she was detained from January 15 to February 17, 2005, relator makes the following complaints:
• Males inmates were found using the holding cell areas where the female inmates [w]ere placed before transportation * * *;
• Requests for clean uniforms for any reasons other than scheduled dates for [c]lean uniforms * * * lead to the plaintiff * * * having to continually remind and demand change of clothing;
• Female inmates ate meals within the dormitory * * *;
• Female inmates were given a spoon and a cup as eating utensils: Never were [t]he spoon and cup taken for dishwashing and sanitation;
• Shower hours were: One and half hours when there was court dates scheduled * * *;
• There were female inmates who had very violent tendencies * * *;
• There were requests for the plaintiff * * * and other inmates to [c]hecked [sic] for "Head Lice" by two nurses * * *;
• Female inmates used sanitary pads (clean) to clean the table after the table was [s]prayed with disinfectant * * *;
• Threats to not use the shower areas and restroom areas by inmates * * *;
• Female inmates being given razors and stating they were: "Shaving themselves";
• Being handcuffed arm-within-arm * * *.
 {¶ 10} 6. Respondents have filed a motion to dismiss on grounds that this court does not have jurisdiction over relator's claims requesting 60 million dollars in damages.
 {¶ 11} 7. It appearing that relator was not receiving some notices, the magistrate put on an order giving relator until April 20, 2005 to respond to respondents' motion to dismiss.
 {¶ 12} 8. To date, relator has failed to respond and, accordingly, respondents' motion to dismiss is currently before the magistrate for review.
Conclusions of Law:
 {¶ 13} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 14} Pursuant to the Ohio Constitution, courts of appeal have original jurisdiction involving extraordinary writs as well as any cause on review as may be necessary to its complete determination. Courts of appeal have jurisdiction to review and affirm, modify, or reverse judgments or final orders of inferior courts. Courts of appeal do not have original jurisdiction over claims for monetary damages based on alleged personal injury.
 {¶ 15} Because this court does not have jurisdiction over relator's claim for damages resulting from alleged personal injuries, the motion to dismiss filed by respondents should be granted and relator's action should be dismissed.