OPINION
{¶ 1} This is an appeal from the trial court's Order Dismissing Plaintiff's Complaint , filed February 14, 2002, finding that such failed to state a claim upon which relief could be granted.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 5, 2000, Plaintiff-Appellant filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendant-Appellee Steve Johnson. Said Complaint was transferred to Ashland County, then to Lorain County, Ashland County and ultimately to Richland County as that is where Defendant-Appellee Johnson was incarcerated at that time. Defendant-Appellee Johnson has since been paroled.
 {¶ 3} Both Appellant and Appellee were inmates at the time of the filing of this action and had been cell-mates for four days at the Warren Correctional Institution in the PC segregation unit.
 {¶ 4} On July 23, 2001, Plaintiff-Appellant filed a motion for leave to amend complaint.
 {¶ 5} The Complaint alleges that while they were cell-mates, Appellee Johnson smoked, thereby causing Appellant Wilson to breathe his second hand smoke for those four days.
 {¶ 6} Appellant Wilson contends that he is therefore entitled to recover damages under theories of assault and battery, public nuisance and intentional or negligent infliction of emotional distress.
 {¶ 7} On September 7, 2001, Plaintiff-Appellant was granted leave of court to file an Amended Complaint. The trial court also set a non-oral hearing for October 15, 2001, to determine whether said complaint stated a claim upon which relief can be granted.
 {¶ 8} On October 17, 2001, Plaintiff-Appellant filed a Motion for Summary Judgment.
 {¶ 9} On October 18, 2001, the trial court filed a scheduling order moving the non-oral hearing to November 15, 2001, and allowing the parties to file their briefs through November 14, 2001.
 {¶ 10} On February 14, 2002, the trial court filed an Order Dismissing Plaintiff's Complaint, finding that such failed to state a claim upon which relief could be granted.
 {¶ 11} On March 11, 2002, Plaintiff-Appellant filed his notice of appeal, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 12} "The trial court committed reversible error when the court held that the inhaling of second hand smoke doesn't state a claim upon which relief may be granted; that it does not constitute an assault and/or battery; that it does not constitute a public nuisance."
 {¶ 13} Initially, it should be noted that appellee has not filed a brief opposing this appeal. Appellate Rule 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain the action."
 {¶ 14} The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc.
(1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond doubt, the plaintiff can prove no set of facts which would support his claim for relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
 {¶ 15} The issue presented to this court is whether the allegations contained in the amended complaint, when construed in appellant's favor, entitled appellant to relief for infliction of emotional distress, assault and/or battery and/or public nuisance.
 {¶ 16} Upon review of the case law in the State of Ohio, we find no case law to support Appellant's causes of action based on his four day exposure to second hand cigarette smoke.
 {¶ 17} While the Supreme Court has affirmed that a prisoner's allegation of exposure to high levels of secondhand smoke may state a cause of action under the Eighth Amendment, such a claim is not being made in the case sub judice. See Helling v. McKinney (1993), 509 U.S. 25,35, 113 S.Ct. 2475, 125 L.Ed.2d 22.
 {¶ 18} We therefore find Plaintiff-Appellant's sole assignment of error not well-taken and hereby overrule same.
 {¶ 19} We find the trial court did not err in dismissing the complaint for failure to state a claim upon which relief can be granted. Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.
Topic: Secondhand Smoke.