OPINION
{¶ 1} Plaintiff-appellant Frank C. Davis appeals from an order of the Clark County Court of Common Pleas dismissing his pro se complaint for replevin. Davis contends that the trial court incorrectly dismissed his complaint upon a finding that the defendants are entitled to qualified immunity. He also contends that the trial court in his prior criminal case abused its discretion by failing to follow Crim.R. 11(B)(2). Finally, Davis contends that trial counsel, in his prior criminal case, was ineffective.
 {¶ 2} We conclude that the trial court did not err in dismissing Davis's complaint, because we conclude that the record supports the trial court's finding that the defendants are entitled to the shield of qualified immunity. Additionally, we conclude that Davis has failed to preserve the remainder of his arguments, because he failed to raise them properly in the trial court. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In June, 2003, Davis filed an action for replevin pursuant to R.C. 2737.02 against the State of Ohio, the Springfield, Ohio Police Department, Detectives Greg E. Nourse and Gerald S. Woodruff, the "Ohio Attorney General Office" and "Special Agent James Hawke." In his complaint, Davis alleges that over two hundred items, including his residence and personal property, had been seized during the course of three police searches. The complaint further alleges that the seizures were illegal because the defendants failed to comply with R.C.2933.43. Davis's complaint does not make a demand for a return of the property or proceeds from the sale thereof; his complaint seeks monetary damages, including damages for emotional distress.
 {¶ 4} The State, the office of the Attorney General and Special Agent Hawke filed a motion to dismiss the claims against them for lack of subject-matter jurisdiction. Davis filed a response stating that he had no objection to the motion. Therefore, the trial court entered an order dismissing those defendants.
 {¶ 5} The Springfield Police Department, Nourse and Woodruff then filed a motion to dismiss, pursuant to Civ.R. 12(B)(6). The trial court granted the motion, finding that Nourse and Woodruff are entitled to immunity because they seized Davis's belongings pursuant to valid search warrants. The trial court further found that, as part of his plea agreement, Davis had agreed to "forfeit items, including the cash, computer, and cars seized at his residence, and further agreed that the items forfeited would not be the subject of any appeal."
 {¶ 6} From this decision Davis now appeals.
 II {¶ 7} Davis's First Assignment of Error is as follows:
 {¶ 8} "The trial court abused its discretion when it granted the claim of qualified immunity to the defendants and dismissed appellant's claim."
 {¶ 9} Davis contends that the trial court erred by dismissing his claims against the Springfield Police Department, Nourse and Woodruff. In support, he argues that the trial court erred in finding that they are entitled to immunity, because they exceeded the scope of the subject search warrants.
 {¶ 10} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. "All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, citation omitted. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, 245, citation omitted.
 {¶ 11} Davis filed a complaint for replevin, which is "[a]n action whereby the owner or person entitled to repossession of goods or chattels may recover those goods or chattels from one who has wrongfully distrained or taken or who wrongfully detains such goods or chattels." Black's Law Dictionary 1299 (6th ed. 1990). However, Davis does not seek the return of his property, but rather seeks monetary damages for emotional distress arising from the loss of his property. Therefore, his action is not truly an action for replevin, it is an action sounding in tort.
 {¶ 12} Actions against a political subdivision for injury or loss to person or property in connection with a governmental function are barred by R.C. 2744.02. A police department that is executing a search warrant is acting in connection with a governmental function.
 {¶ 13} "Furthermore, R.C. 2444.03(A)(6) provides employees with immunity from liability unless the employee's acts were manifestly outside the scope of employment or unless the employee's acts were done `with malicious purpose, in bad faith, or in a wanton or reckless manner'." Warren v. Trotwood-MadisonCity School Dist. Bd. of Educ. (Mar. 19, 1999), Montgomery App. No. 17457, citation omitted. The record is devoid of any factual issues concerning the conduct of Nourse and Woodruff. Their acts in searching and seizing Davis's property were clearly taken within the scope of their employment. Davis has failed to produce any evidence — indeed he has not alleged — that the officers acted maliciously or recklessly.
 {¶ 14} Thus, we conclude that the trial court did not err in recognizing that the officers have immunity under the statute. We further conclude that under the facts as alleged in Davis's complaint, the police department is also properly entitled to immunity from his claims.
 {¶ 15} Accordingly, Davis's First Assignment of Error is overruled.
 III {¶ 16} Davis's Second and Third Assignments of Error state as follows:
 {¶ 17} "The trial court abuses its discretion when not following the mandate of criminal rule 11(b)(2).
 {¶ 18} "Trial counsel was ineffective for his failure to protect his client's criminal and civil rights at trial."
 {¶ 19} Davis contends that the trial court erred during his sentencing by failing to adhere to the procedures set forth in Crim.R. 11(B). He also claims that his counsel was ineffective at the trial court level.
 {¶ 20} We need not address the merits of these claims. First, they were capable of being raised during Davis's direct appeal of his criminal conviction. Second, these issues were not preserved for appeal in the case presently before us, because these issues were not properly raised in the trial court. Accordingly, the Second and Third assignments of error are overruled.
 IV {¶ 21} All of Davis's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
Grady and Young, JJ., concur.