OPINION
{¶ 1} Plaintiff-Appellant Bambini Company, L.L.C. appeals from the December 6, 2004, Judgment Entry of the Stark County Court of Common Pleas which granted Defendants-Appellees Stark County Commissioners' Motion to Dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 26, 2002, Plaintiff-Appellant Bambini Company, L.L.C.'s lands were the subject of appropriation proceedings by Appellees.
 {¶ 3} On November 26, 2002, Appellees Stark County Board of Commissioners filed a Complaint for Appropriation in the Probate Division of the Stark County Court of Common Pleas.
 {¶ 4} The appropriation proceeding, commonly known as the Portage Street Widening Project, concerned real property that was owned by Guy A. Cicchini up until October 30, 2002, when such property was transferred by Quit-Claim Deed to Bambini Company, L.L.C. Bambini is a company owned by Guy M. Cicchini, the father of Guy A. Cicchini.
 {¶ 5} On December 30, 2002, a Motion to Dismiss the Complaint was filed alleging that the complaint failed to name the proper party.
 {¶ 6} On January 30, 2003, a Notice of Dismissal of Guy A. Cicchini was filed.
 {¶ 7} On the same day, an Amended Complaint was filed re-naming Guy A. Cicchini as a defendant and reflecting Bambini's ownership of the property.
 {¶ 8} On April 30, 2004, after full participation in the proceeding by Bambini, final judgment was entered granting permanent highway easements for highway purposes for public use, and fixing the value of the property to be taken in the agreed amount of $4,360.00, which included damages to the residue.
 {¶ 9} On September 15, 2004, Bambini withdrew the full deposit of $4,360.00.
 {¶ 10} On September 15, 2004, Appellant filed a Complaint naming the Board of Commissioners, and each of the individual commissioners as defendants, alleging that its property was unconstitutionally misappropriated without due process of law.
 {¶ 11} On October 14, 2004, Defendants-Appellees filed a Motion to Dismiss or for Summary Judgment.
 {¶ 12} On December 6, 2004, the trial court granted Defendants-Appellees' Motion to Dismiss.
 {¶ 13} Thus, it is from this Judgment Entry that Appellant now appeals, raising the following sole assignment of error:
 ASSIGNMENT OF ERROR {¶ 14} "I. The trial court committed reversible error by granting summary judgment in favor of appellees on the basis of R.C. 2744.02
because appellant's claims inter alia, allege violations of the rights guaranteed by the U.S. constitution and R.C. 2744.09 specifically exempts such claims from the general immunity granted by. R.C. 2744.02."
 I. {¶ 15} In Appellant's assignment of error, appellant contends that the trial court erred when it granted Appellees' Motion for Summary Judgment. We disagree.
 {¶ 16} Upon review of the trial court's ruling, we find that the trial court did not grant summary judgment in favor of Appellees but instead granted Appellees' Motion to Dismiss.
 {¶ 17} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228, overruled in part on other grounds, 62 Ohio St.3d 541. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Stateex rel. Hanson v. Guernsey County Bd. of Comm'r (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 {¶ 18} The trial court, in dismissing Appellant's Complaint, found:
 {¶ 19} ". . . that R.C. 2744.02(A)(1) grants governmental immunity to political subdivisions and their employees in connection with the performance of a governmental function.
 {¶ 20} "The Court further finds that the filing of a Complaint by the Board of Commissioners of Stark County, Ohio, for the appropriation of real property for highway purposes is a governmental function."
 {¶ 21} Appellant argues that R.C. 2744.02 does not confer immunity upon Appellees in this case because its claims are based upon a violation of due process guaranteed under the United States Constitution.
 {¶ 22} Appellant claims that its due process rights were violated because Appellees failed to serve and join Appellant in the appropriation proceeding.
 {¶ 23} Upon review, we find that Appellant Bambini participated throughout the appropriation process. Furthermore, Bambini accepted the money, the sum of which was agreed upon by the parties, which represented just compensation for the taking. Appellant cannot now be heard to argue that his due process right were violated because it was not properly named and/or served and did not receive notice of the appropriation proceeding.
 {¶ 24} We further find that immunity under R.C. 2744.02(A)(1) applies in the instant case and that the trial court did not err in granting Appellees' Motion to Dismiss based upon same.
 {¶ 25} Accordingly, appellant's assignment of error is overruled.
 {¶ 26} The judgment of the Stark County Court of Common Pleas is affirmed.
Boggins, P.J., Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.