OPINION *Page 2 
{¶ 1} Appellee, Apple Valley Property Owners Association, is a non-profit corporation which oversees a planned unit development. Appellants, Kathryn Elliott Pullins, Stephen Elliott, and Judy Fagert, are property owners within the planned unit development and are members of the association. Appellant Pullins is also a member of the board of directors.
 {¶ 2} On August 30, 2006, appellant Fagert requested from appellee Apple Valley a copy of the employment contract for its general manager. The request was denied based upon the fact that the employment information was confidential. On November 13, 2006, appellants sent a letter to appellee Apple Valley demanding certain actions, including salary amounts for all of appellee's employees. On December 6, 2006, appellee Apple Valley passed a resolution to keep such information confidential. Several more requests and denials were exchanged between the parties.
 {¶ 3} On December 20, 2007, appellants filed a complaint against appellee Apple Valley and all current and some former members of appellee's board of directors, as well as some non-board members. The complaint was filed under Civ. R. 23.1 which authorizes derivative actions to be filed by one or more shareholders of a corporation when the corporation fails to enforce its rights on its own. On January 22 and 25, 2008, appellees filed a motion to dismiss the complaint for appellants' failure to comply with the mandatory procedural requirements of Civ. R. 23.1. By judgment entries filed March 5, 2008, the trial court granted the motions to dismiss.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 5} "DID THE TRIAL COURT ERR WHEN IT DISMISSED THE LAWSUIT ON THE GROUNDS THAT PLAINTIFFS-APPELLANTS DID NOT COMPLY WITH THE PROVISIONS OF OHIO CIVIL RULE 23.1 AND OHIO CIVIL RULE 12(B)6?"
 I {¶ 6} Appellants claim the trial court erred in granting a Civ. R. 12(B)(6) motion to dismiss for failure to specifically meet the requirements of Civ. R. 23.1 which governs derivative actions by shareholders.
 {¶ 7} Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v.Faber (1991), 57 Ohio St.3d 56.
 {¶ 8} Because of the specificity required by Civ. R. 23.1, the standard for pleading is not notice pleading. The trial court is required to review the complaint vis-à-vis the specific pleading requirements of Civ. R. 23.1 which states the following:
 {¶ 9} "In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall *Page 4 
also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders in such manner as the court directs."
 {¶ 10} In its judgment entries filed March 5, 2008, the trial court dismissed the complaint, finding the following:
 {¶ 11} "1. Plaintiffs have not satisfied the pre-suit demand requirements pursuant to Civ. R. 23.1 in order to institute an action on behalf of the Apple Valley Property Owners Association, and
 {¶ 12} "2. Plaintiffs have failed to state satisfactory reasons for not complying with the pre-suit demands mandated by Civ. R. 23.1., and
 {¶ 13} "3. Plaintiffs have not satisfied the representation requirements of Civ. R. 23.1."
 {¶ 14} Therefore, the following issues are raised sub judice: 1) Did the November 13, 2006 letter meet the requirements of a pre-suit demand letter?; 2) If not, have appellants established reasons for not complying with a pre-suit demand?; and 3) Have appellants satisfied the representative requirements? In light of Civ. R. 12(B)(6), all three of these issues must be addressed solely from the four corners of the pleadings. *Page 5 
 {¶ 15} The November 13, 2006 pre-suit letter was sent a year prior to the filing of the complaint. The letter requested the following:
 {¶ 16} "Vote to bring a lawsuit to collect the amounts paid by the AVPOA to the law firms of Kegler, Brown et al, and T. Garrett Ressing for their work on the matters concerning Kathryn Elliott Pullins, Stephen M. Elliott, and Scott A. Pullins.
 {¶ 17} "Vote to discharge the law firms of Kegler, Brown et al, and T. Garrett Ressing for cause from any further work on behalf of the AVPOA or its Board of Directors.
 {¶ 18} "Vote to discharge Jeff Harmer for cause as AVPOA Manager and any further employment with the AVPOA.
 {¶ 19} "Vote to provide a list of all AVPOA Employees, along with salaries and position descriptions, to any AVPOA member upon request."
 {¶ 20} The demand letter relates only to Count 2 of the complaint: denial of corporate records relative to a list of all employees and their respective job descriptions and salaries. As noted by Plaintiff's Exhibit IV attached to the complaint, the request was denied pursuant to a confidentiality resolution passed by appellee Apple Valley. The remaining counts, 1 and 3-9, are unrelated to the November 13, 2006 letter. In fact, the complaint establishes the requests in the demand letter were answered relative to Count 2. We therefore conclude the demand letter requirement was met as to Count 2 only.
 {¶ 21} We therefore must address the remaining counts in light of the futility of requesting them in writing. In considering the standard set forth in Civ. R. 23.1, we *Page 6 
conclude the futility requirement is to be read in the disjunctive. In support of their futility claim, appellants alleged the following in their complaint in pertinent part:
 {¶ 22} "8. Every current director, except for director Kathryn Elliott Pullins, is named as a defendant in this lawsuit.
 {¶ 23} "9. Director Kathryn Elliott Pullins is a plaintiff in this lawsuit.
 {¶ 24} "10. There are no other directors that could bring this action.
 {¶ 25} "11. Alternatively, the Plaintiffs allege that director Kathryn Elliott Pullins has the authority under the express terms of Article 9.1 and 9.7 of the corporate bylaws and Ohio Revised Code Section 1702.30 to bring this action on behalf of the corporation in her capacity as director of the corporation. Articles 9.1 and 9.7 of the corporate bylaws are reprinted below:
 {¶ 26} "9.1 Powers. The Board of Directors shall have the power to carry on the affairs of the Association.
 {¶ 27} "9.7 Action Without Meeting. Unless prohibited by law, where director action is required before a meeting can be conveniently called, any action which may be taken at a meeting of the Board may be taken without a meeting if the action is consented to by a majority of the Directors entitled to vote on such action at a meeting of the Directors. Such actions shall be reported as the next Board meeting.
 {¶ 28} "13. Plaintiffs allege that they have exhausted all efforts to work within the framework of the nonprofit corporation in order to bring about the requested actions.
 {¶ 29} "14. Plaintiffs allege that they have attempted to persuade the directors on multiple occasions to bring about the requested actions but have been totally unsuccessful. *Page 7 
 {¶ 30} "15. Plaintiffs allege that Defendants have closed their minds on these issues and cannot make a decision in an unbiased manner."
 {¶ 31} None of these averments establish that the issues raised by the remaining counts in the complaint have been requested or unreasonably withheld. We fail to find as to all the counts, save for Count 2, that futility has been established. We therefore conclude as to these counts, the complaint fails to meet the requirements of Civ. R. 23.1.
 {¶ 32} Lastly, we find from the four corners of the complaint, appellants met the representative requirement. See, ¶ 1, 2, and 4.
 {¶ 33} Upon review, we find the trial court erred in granting the motion to dismiss as to Count 2, but was correct in granting the motion as to the remaining counts.
 {¶ 34} The sole assignment of error is granted in part and denied in part.
 {¶ 35} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed in part, reversed in part, and remanded.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed in part and reversed in part. The matter is remanded to said court for further proceedings consistent with his opinion. Costs to appellants. *Page 1