OPINION *Page 2 
{¶ 1} On April 10, 2008, appellant, Christopher Reynolds, filed an amended complaint against appellees, Akron-Canton Regional Airport Authority and Akron-Canton Regional Airport Authority Board of Trustees. Appellant owns property contiguous to property belonging to the Akron-Canton Airport. Appellant claimed appellees were engaging in improper surface mining in violation of the Jackson Township Zoning Resolutions, and said activity constituted a nuisance. Appellees were excavating earthwork from one area of the airport property to another in order to complete the airport's Runway 5/23 Improvement Project.
 {¶ 2} On April 18, 2008, appellees filed a motion to dismiss the complaint for failure to state a claim. Specifically, appellees claimed under R.C. 519.211(A), the airport was statutorily exempt from township zoning resolutions. By judgment entry filed June 9, 2008, the trial court granted the motion and dismissed the appeal.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DISMISSING, UPON DEFENDANTS'/APPELLEES' CIV. R. 12(B)(6) MOTION, PLAINTIFF'S/APPELLANT'S COMPLAINT."
 I {¶ 5} Appellant claims the trial court erred in dismissing his complaint. Specifically, appellant claims appellees are not totally exempt from the Jackson *Page 3 
Township Zoning Resolutions, and despite any exemption, the complained of activity constitutes a nuisance. We disagree.
 {¶ 6} By judgment entry filed June 9, 2008, the trial court granted appellees' motion to dismiss pursuant to Civ. R. 12(B)(6). Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greely v.Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545,1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991),57 Ohio St.3d 56.
 {¶ 7} The materials available for our review attached to the amended complaint include a map of the area, and appellees' publicized notice of the runway expansion (Community Update). It is undisputed that appellees are the fee simple owners of the property that adjoins the airport's main operations i.e., airport services, terminal, and runways.
 {¶ 8} In his April 10, 2008 amended complaint, appellant claimed appellees were prohibited from surface mining under Jackson Township Zoning Resolution Article II, Chapter 201.2(B)(98) and (156), and Article IV, Chapter 431.6(Y)(1) and (4)(c). As a result of said "surfacing mining," appellees created a nuisance (Third Claim for Relief). All other claims for relief requested an injunction enjoining appellees from surface mining. *Page 4 
 {¶ 9} The issue of whether appellees' activity constitutes surface mining is not pertinent to the sole issue raised by appellees in their Civ. R. 12(B)(6) motion. Appellees correctly labeled the surface mining issue as a "red herring" given their exemption provided by statute (R.C. 519.211). See, Appellees' Motion to Dismiss filed April 18, 2008 at fn. 1.
 {¶ 10} Appellant argues in addition to the Jackson Township Zoning Resolutions, appellees' activity violates a 1985 administrative order of the Jackson Township Board of Zoning Appeals. Said order denied a conditional use permit to American Sand Gravel, Inc. to conduct surface mining on 16.2 acres of property which appellant referred to in his complaint as the "Prohibited Area." Appellant argues appellees are predecessors in interest and are bound by the order based upon the doctrine of res judicata.
 {¶ 11} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 12} We find the 1985 order is not res judicata because the parties involved were different than the parties sub judice. Appellees were not parties to the action and subsequent court case, nor were their rights involved in the denial of the conditional use permit.
 {¶ 13} The statutory exemption argued by appellees is set forth in R.C. 519.211 which states the following in pertinent part: *Page 5 
 {¶ 14} "(A) Except as otherwise provided in division (B) or (C) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."
 {¶ 15} Appellant's amended complaint at ¶ 4 acknowledged that appellees are "a political subdivision of the State of Ohio which operates an `airport' and an `airport facility', as those terms are defined, respectively, at O.R.C. 308.01 (A) and (B)." Pursuant toSwanton Township Board of Trustees v. Toledo-Lucas County PortAuthority (1990), 66 Ohio App.3d 555, a regional airport is a public utility under R.C. 519.211.
 {¶ 16} In addition, the "Community Update," attached to appellant's complaint as Exhibit C, described the excavation of the earthwork for improvements to the airport's Runway 5/23 as follows:
 {¶ 17} "In August of 2000, the FAA issued a determination that the Runway 5/23 Safety Area does not meet current Federal standards. A runway safety area is required by the FAA to ensure that there is an area surrounding the runway that is specially prepared to limit damage to an aircraft should it leave the runway environment. Improvements to the runway safety area will enhance airfield safety for users of Akron-Canton Airport. *Page 6 
 {¶ 18} "At the same time as the runway safety area improvements are accomplished, there is an opportunity to extend Runway 5/23 so that Akron-Canton Airport can serve nonstop flights to the west coast that are currently not possible with today's runway length. To do this, a runway length of 8,200 feet is needed based upon forecasts of the most demanding aircraft (the B737-700) anticipated to use Akron-Canton Airport. The runway extension, anticipated to be complete in 2010, will be sufficient to support all forecast airport operations and passenger growth for the next 20 years."
 {¶ 19} Appellant argues the exemption of R.C. 519.211 is somehow limited in application, and in support, cites our decision inCampbell v. Jackson Board of Zoning Appeals (February 20, 1996), Stark App. No. 1995CA00223, wherein this court determined signage on bus stop benches was subject to township zoning regulations because advertising on benches was not part of the operation of the public transit system (CRTA). Likewise, appellant argues surface mining is not part of the operation of an airport.
 {¶ 20} We find the Campbell case to be entirely different from this case, as the Honorable W. Don Reader pointed out, "appellants are attempting to bootstrap into the statutory exemption by virtue of an agreement with CRTA. The exemption runs only to the utility, and CRTA has not entered the action seeking the exemption as a public utility." In fact, we note Campbell reinforces the exemption of R.C. 519.211 by stating the application of the zoning resolutions to the advertising on the benches "does not affect CRTA's ability to transport passengers or to place benches at their bus stops. *Page 7 
The application of the zoning resolution merely affects the proprietary business use of the property."
 {¶ 21} Upon review, we conclude appellant's allegations as to violations of the Jackson Township Zoning Resolutions and the 1985 administrative order fail because of the airport's exemption as a public utility for the use of its land for the operation of its business i.e., runway expansion.
 {¶ 22} In his amended complaint, appellant also alleged appellees' activity constituted a nuisance:
 {¶ 23} "41. The Airport Authority's existing and/or contemplated surface mining activities constitute a nuisance which has and/or will result in an unlawful and/or unreasonable interference with Plaintiff's use and enjoyment of his real property, thereby producing material annoyance, inconvenience, discomfort, hurt and injury.
 {¶ 24} "42. Plaintiff therefore is entitled to an award of damages against Defendants."
 {¶ 25} This cause of action is predicated upon the following alleged facts contained in the amended complaint:
 {¶ 26} "29. The Airport Authority's contemplated surface mining activities upon the Prohibited Area will be unsightly and will otherwise cause hazardous and/or noxious and/or offensive odors, dust, smoke, gas fumes (and other particulate matter), noise and vibrations to `invade'/ trespass upon Plaintiff's real property.
 {¶ 27} "30. Said surface mining activities will unlawfully and otherwise unreasonably interfere with and will adversely affect and negatively impact Plaintiff's use and quiet enjoyment of his real property. *Page 8 
 {¶ 28} "31. Said surface mining activities will adversely affect and negatively impact the fair market value of Plaintiff's real property."
 {¶ 29} Appellees argue all of the claims for nuisance arise out of the alleged prohibited activity, surface mining. Therefore, if appellees are exempt from any restrictions on the use of their land for the operation of its business, they cannot be guilty of creating a nuisance.
 {¶ 30} The only "nuisance" claim available to appellant would be a private nuisance claim i.e., appellees' alleged negligent operation of excavating the earthwork. Because appellees' actions are not unlawful based upon their exempted status, the only viable claim would be a negligence claim.
 {¶ 31} Appellant's nuisance claim is based upon possible future actions and damages. Although it might be a valid claim for injunctive relief based upon appellant's other averments, it does not state a present cause of action based in tort.
 {¶ 32} Upon review, we find the trial court did not err in granting appellees' Civ. R. 12(B)(6) motion, as the complaint, as it stands, does not state a claim upon which relief can be granted.
 {¶ 33} The sole assignment of error is denied. *Page 9 
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, P.J. Gwin, J. and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant. *Page 1